7532.pct

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL: (617) 558-0500
FAX: (617) 244-7304
Business Hours: Monday-Friday 8:00 AM to 5:30 PM

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

2409
3 of 8

August 11, 2022

## NOTICE OF MORTGAGE FORECLOSURE SALE

RE:     Salem Five Cents Savings Bank

Pursuant to New Hampshire Revised Statutes 479:25, as amended, enclosed is a copy of the Mortgagee's Notice of Sale of Real Estate.

This notice is provided to you because an examination of the record title shows that you hold an interest of record.

If you want to reinstate or payoff the mortgage, you may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com.  Please follow the instructions contained on the web page.  Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed.  You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598.  When completing the on-line form or when calling our office, please reference your Case Number 18168, so that we may process your request more quickly.

Salem Five Cents Savings Bank
Present holder of the mortgage
By its Attorney,

Autumn Sarzana
*Harmon Law Offices, P. C.*
Enclosure

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

18168

Addressee: Rochelle A. Coburn

7532 per



## MORTGAGEE'S NOTICE OF SALE OF REAL PROPERTY

By virtue of a Power of Sale contained in a certain mortgage given by Rochelle A. Coburn, James R. Coburn ("the Mortgagor(s)") to Salem Five Mortgage Company, LLC, dated January 31, 2006 and recorded in the Hillsborough County Registry of Deeds in Book 7622, Page 2872 (the "Mortgage"), which mortgage is held by Salem Five Cents Savings Bank, the present holder of said Mortgage, pursuant to and in execution of said power and for breach of conditions of said Mortgage and for the purposes of foreclosing the same will sell at:

Public Auction
on
September 26, 2022
at
2:00 PM

Said sale being located on the mortgaged premises and having a present address of 20 Lincoln Drive, New Boston, Hillsborough County, New Hampshire.  The premises are more particularly described in the Mortgage.

For mortgagor's(s') title see deed recorded with the Hillsborough County Registry of Deeds in Book 7622, Page 2871.

### NOTICE

PURSUANT TO NEW HAMPSHIRE RSA 479:25, YOU ARE HEREBY NOTIFIED THAT YOU HAVE A RIGHT TO PETITION THE SUPERIOR COURT FOR THE COUNTY IN WHICH THE MORTGAGED PREMISES ARE SITUATED, WITH SERVICE UPON THE MORTGAGEE, AND UPON SUCH BOND AS THE COURT MAY REQUIRE TO ENJOIN THE SCHEDULED FORECLOSURE SALE.

The address of the mortgagee for service of process is 2 1/2 Beacon Street, Concord, NH 03301 and the name of the mortgagee's agent for service of process is CT Corporation System.

You can contact the New Hampshire Banking Department by e-mail at nhbd@banking.nh.gov .  For information on getting help with housing and foreclosure issues, please call the foreclosure information hotline at 1-800-437-5991.  The hotline is a service of the New Hampshire Banking Department. There is no charge for this call.

The Property will be sold subject to all unpaid real estate taxes and all other liens and encumbrances which may be entitled to precedence over the Mortgage. Notwithstanding any title information contained in this notice, the Mortgagee expressly disclaims any representations as to the state of the title to the Property involved as of the date of the notice of the date of sale. The property to be sold at the sale is "AS IS WHERE IS".

### TERMS OF SALE

A deposit of Five Thousand  ($5,000.00) Dollars in the form of a certified check or bank treasurer's check or other check satisfactory to Mortgagee's attorney will be required to be delivered

at or before the time a bid is offered.  The successful bidder(s) will be required to execute a purchase and sale agreement immediately after the close of the bidding.  The balance of the purchase price shall be paid within thirty (30) days from the sale date in the form of a certified check, bank treasurer's check or other check satisfactory to Mortgagee's attorney.  The Mortgagee reserves the right to bid at the sale, to reject any and all bids, to continue the sale and to amend the terms of the sale by written or oral announcement made before or during the foreclosure sale.  The description of the premises contained in said mortgage shall control in the event of an error in this publication.

Dated at Newton, Massachusetts, on August 11, 2022.

**Salem Five Cents Savings Bank**
By its Attorney,
Autumn Sarzana
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
603-669-7963
18168

CRUSCO LAW OFFICE, PLLC

ATTORNEY AT LAW

HOM

Impeachment of Master Cross

For three years, family court litigants David Johnson and Michael Puia have waged a
public war against Marital Master Philip Cross through the legislature.
Despite the legislature's vote against the Bill of Address seeking to remove Master Cross
from the bench, Rep Itse has sponsored a house resolution seeking to direct the the
house judiciary committee "to investigate whether grounds exist to impeach marital
master Phillip Cross and/or any justice of the New Hampshire superior court."

Such a maneuver is a dangerous, slippery slope for the legislature. In its 235 year
history, the State of New Hampshire has impeached two judges. Impeachment is
reserved for the most serious of offenses, defined by the Constitution as "bribery,
corruption, malpractice or maladministration." The nature of the allegations
enumerated in the resolution cannot on its face be characterized as one of these four
acts.

Instead, the allegations evidence unhappy litigants who do not understand the court system. Therein is the slippery slope. If every litigant who received an adverse decision were able to bring their grievance to the legislature and initiate impeachment proceedings, the State of New Hampshire would have no judges left. Master Cross alone heard over 6,000 cases last year. Add in the 90 plus judges and masters across the state, and the legislature would have their hands full.

The hearing before the Resolution Committee on this matter will occur at the Legislative Office Building, 30 North State Street, Concord, on **Tuesday, the 22nd, @ 3:30pm.**

In addition, until further Order of the Court, this Court hereby orders that should the plaintiff file any additional ex parte requests for protection without the signature of her counsel, then those requests shall in the first instance be provided to Judge Moore for consideration as the Judge most familiar with the various proceedings affecting these parties.  Should Judge Moore not be available, then such matters shall be forwarded to the undersigned Judge for consideration.  If this Judge is not available, then the Clerk may forward said requests to another Judge for consideration, together with a copy of this Order.  Moreover, to ensure compliance with this Order, the plaintiff is hereby Ordered to attach a copy of this Order to any new ex parte domestic violence petitions regarding the defendant filed without the signature of counsel.

June 13, 2013

Mark F. Weaver, Judge

Video & Audio Analysis for Rochelle Coburn

By Victor Weisenbloom 19 November 2013

**Material Provided** –  CD video (with audio) in Police Lobby

- CD audio for 911 call

**Analysis of Police Lobby CD** – For the most part, the video & audio quality was fair to good. However, the recording had many cuts that varied in duration for approximately 15 to 60 seconds in duration according to the recorded time track. During these cuts, both video and audio content were not detectable.

There were also four audio blanks in the video of approximately 27 to 51 seconds in duration. Just prior to the audio blanks, you can see activity that could be due to an intervention for the purposes of blanking. Two audio blanks were on the 3-12 recording and two on the 3-25 recording. Note that, the segments on the 3-12 video that were blanked are repeats.

1) First audio gap is on 3-12 video at 5:43:10 (5:12 on CD) to 5:43:48 (5:50 on CD) for 38 sec.
2) Second audio gap is on 3-12 video at 5:43:10 (7:48 on CD) to 5:43:48 (8:26 on CD) for 38 sec.
3) Third audio gap is on 3-25 video at 2:36:01 to 2:36:52 for 51 sec. 4) Fourth audio gap is on 3-25 video at 2:43:44 to 2:44:11 for 27 sec.

The blanked voice during these gaps was not detectable.
In general, surveillance systems provide continuous recordings without cuts and blanks. For security purposes, the recordings need to be continuous to preserve all information for subsequent review as required. However, the Coburn recording is not continuous.

**Analyses of 911 Audio CD** – The quality was good. The 27:28.24 recording was continuous without cuts or breaks. There are two 911 segments. The first of Mr. Coburn from 0:00 to approximately 4:15.5 and the second of Rochelle starting at 4:15.5 to 27:28.24 (end). From 6:25 to 7:07 you can hear the conversation of Rochelle, her daughter and the police dispatcher.

During the 6:25 to 7:07 segment, upon answering a question from Rochelle, her daughter seems to say that her father choked her. You can clearly hear the daughter say "choking". Although the conversation is about what the father did, you cannot hear her say that the father choked her. Within this segment, a recording of a continuous 30.65 sec. long conversation of only Rochelle and her daughter repeated several times is provided, on **CD**, for your own review. The rest of the CD has several conversations some of which relate to Rochelle repeating what her daughter said about her father and Rochelle's injuries.

Another **CD** that is specific to Rochelle's daughter that is 5:55 was put together and is also provided for your review, This CD contains the "choking segment" as well as other portions of conversations with the dispatcher and Rochelle about Rochelle's daughter.

**<u>Conclusion and potential follow-up –</u>** During, the 911 conversation between Rochelle and her daughter, about what the father did, you can clearly hear the daughter say choking.

The audio gaps and audio/video gaps in the lobby video are curious and could be followed up by your attorney interrogating the police. How  was the video copy made causing all of these cuts and blanks? Is a copy  of the police original (without cuts and blanks) available? What video  and audio information is missing?

9TH CIRCUIT

STATE OF NEW HAMPSHIRE

FAMILY DIVISION - GOFFSTOWN
DOCKET #638-2012-DM-00098

IN THE MATTER OF

ROCHELLE COBURN

AND

JAMES COBURN

## ORDER ON EX PARTE MOTION

AFTER REVIEW OF FATHER'S EX PARTE MOTION, HIS AND THE GAL'S AFFIDAVITS, AND BASED UPON THE COURT'S PRIOR ORDERS AND KNOWLEDGE OF THE CASE, THE COURT ORDERS, EFFECTIVE IMMEDIATELY:

1. That pending a hearing and further order, the Respondent be awarded sole decision making and sole residential responsibility for the minor child Danielle.

2. That the Petitioner's parenting time shall be one (1) hour each week supervised by A THIRD PARTY AGREEABLE TO FATHER OR BY A LICENSED SUPERVISED VISITATION FACILITY.

3. THE CLERK'S OFFICE IS REQUESTED TO SCHEDULE A HEARING ON FATHER'S MOTION AS SOON AS THE DOCKET PERMITS.

Recommended: _____  8/28/14
Philip D. Cross, REFEREE

Date: _____     _____
                              PRESIDING JUSTICE

So Ordered:
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

8/28/14                    _____
Date                       Edward M. Gordon

AUG 28 2014

STATE OF NEW HAMPSHIRE

9TH CIRCUIT                                    FAMILY DIVISION - GOFFSTOWN
                                              DOCKET #638-2012-DM-00098

IN THE MATTER OF

ROCHELLE COBURN

AND

JAMES COBURN

## ORDER ON EX PARTE MOTION

AFTER REVIEW OF FATHER'S EX PARTE MOTION, HIS AND THE GAL'S AFFIDAVITS, AND BASED UPON THE COURT'S PRIOR ORDERS AND KNOWLEDGE OF THE CASE, THE COURT ORDERS, EFFECTIVE IMMEDIATELY:

1.   That pending  a  hearing and further order , the Respondent be awarded sole decision making and sole residential responsibility for the minor child Danielle.

2.   That the Petitioner's parenting time shall be one (1) hour each week supervised by A THIRD PARTY AGREEABLE TO FATHER OR BY A LICENSED SUPERVISED VISITATION FACILITY.

3.   THE CLERK'S OFFICE IS REQUESTED TO SCHEDULE A HEARING ON FATHER'S MOTION AS SOON AS THE DOCKET PERMITS.

Recommended: _____   8/28/14

Philip D Cross, REFEREE

Date: _____          _____
                                PRESIDING JUSTICE

STATE OF NEW HAMPSHIRE

9TH CIRCUIT                    FAMILY DIVISION - GOFFSTOWN
                              DOCKET #638-2012-DM-00098

IN THE MATTER OF

ROCHELLE COBURN

AND

JAMES COBURN

### ORDER ON EX PARTE MOTION

AFTER REVIEW OF FATHER'S EX PARTE MOTION, HIS AND THE GAL'S AFFIDAVITS, AND BASED UPON THE COURT'S PRIOR ORDERS AND KNOWLEDGE OF THE CASE, THE COURT ORDERS, EFFECTIVE IMMEDIATELY:

1.      That pending  a  hearing and further order, the Respondent be awarded sole decision making and sole residential responsibility for the minor child Danielle.

2.      That the Petitioner's parenting time shall be one (1) hour each week supervised by A THIRD PARTY AGREEABLE TO FATHER OR BY A LICENSED SUPERVISED VISITATION FACILITY.

3.      THE CLERK'S OFFICE IS REQUESTED TO SCHEDULE A HEARING ON FATHER'S MOTION AS SOON AS THE DOCKET PERMITS.

Recommended:                                              8/28/14

_____
Philip D. Cross, REFEREE

Date: _____

                    _____
                    PRESIDING JUSTICE

So Ordered:
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

8/28/14          _____
Date              Edward M. Gordon

AUG 28 2014

For : "Grantee"

Doc # 9002791   Jan 23, 2013 11:28 AM
Book 8733 Page 3494   Page 1 of 2
Register of Deeds, Hillsborough County
Gro-DaⓇ Caught

Please return recorded deed to:

Patricia A. Murphy, Esquire
Latvo & Murphy, P.C.
67 Capital Street
Manchester, NH 03101

Unofficial Docum

## QUITCLAIM DEED

KNOW ALL MEN BY THESE PRESENTS That Rochelle Coburn, a single person of Goffstown, Hillsborough County, State of New Hampshire for consideration paid grants to James R. Coburn, a single person of New Boston, Hillsborough County, State of New Hampshire with QUITCLAIM COVENANTS 20 Lincoln Drive, 03070

A certain tract of land with any buildings thereon located at 20 Lincoln Drive, New Boston, County of Hillsborough, State of New Hampshire, and shown as Parcel B-14-1 as shown on a Plan of Land entitled "Subdivision Plan of Land, G&F Construction Co., New Boston, New Hampshire, Scale 1" = 100' dated September 15, 1986, Thomas F. Moran, Inc." and shown on the northerly side of Road "B" on Plan #20119 of the Hillsborough County Registry of Deeds, to which plan reference is made for a more particular description.

Subject to a Declaration of Covenants and Restrictions, G&F Construction Co. Inc., dated January 22, 1987, and recorded in the Hillsborough County Registry of Deeds at Book 3922, Page 75

Subject to an easement granted to New England Telephone & Telegraph Co., dated July 27, 1987, and recorded in the Hillsborough County Registry of Deeds at Book 4330, Page 169.

Meaning and intending to describe and convey the same premises conveyed by Donald F. Welch, Jr. and Tenley S. Welch by deed dated January 31, 2006 and recorded in the Hillsborough County Registry of Deeds in Book 7622, Page 2871.

Unofficial Docum

Case Name: _____

Case Number: __638- 2012- DM- 98_____

**PETITION TO CHANGE COURT ORDER**

13. Please check one of the following regarding public assistance.

☐ No public assistance (TANF) is now being or has within the last 6 months been provided, nor is medical assistance (Medicaid) presently being provided, for any minor child of the parties.

☒ The N. H. Department of Health and Human Services is providing or has provided within the last 6 months public assistance (TANF) and/or medical assistance (Medicaid) for a minor child or children of the parties.  If you check this box, you must mail copies of this petition and the Personal Data Sheet (**NHJB-2077-F**) to DHHS at:

New Hampshire Department of Health and Human Services
Bureau of Child Support Services - Legal Unit
129 Pleasant Street
Concord, NH 03301

14. By filing this petition, you are asking that the Court:

☒ Change the current orders as stated above;

☒ Schedule a hearing;

☒ Other: _Contact ~~DCYF~~ Police BECAUSE you are mandated reporter + I am reporting children who in imminer (possible) danger of being sexually abused._

☒ Grant any other orders which may be appropriate.

**I acknowledge that I have a continuing duty to inform the court of any court action in this or any other state that could affect the child/ren in this case.**

I swear or affirm that the foregoing information is true and correct to the best of my knowledge.

_7- 25 -22_                                             _Rochelle Pauget_
Date                                                   Signature of Party Filing Petition to Change Court Order

State of _N H_____, County of _Hillsborough_

This instrument was acknowledged before me on _7/25/22_ by _Rochelle Pauget_

My Commission Expires _1/8/2025_                    _Lisa Hogan_
Affix Seal, if any                                  Signature of Notarial Officer / Title   _JP_

_____
Signature of Attorney

_____                              _____
Printed Name, Address and Phone Number of Attorney           Bar #

_Respondent is deceased. The probate court has jurisdiction over claims against the estate in the first instance. The court dismisses the petition, without prejudice to the merits of her claims, for lack of jurisdiction._

_Suzanne M. Gorman_                                  _7/28/22_

### STATE OF NEW HAMPSHIRE
### JUDICIAL BRANCH

County of Hillsborough                                    9th Circuit - Goffstown Family Division

Case No. 438-2022-CV-30

In the Matter of Rochelle Pouget v. Kysa Crusco

## ORDER ON MOTION FOR RECUSAL

The court met with the plaintiff on the record regarding her stalking petition on July 25, 2022. During the hearing the plaintiff requested on the record that the court be recused from reviewing the stalking petition on grounds that the court had adjudicated another case in which the court issued a ruling adverse to the plaintiff.

Disqualification is appropriate in any proceeding in which the judge's impartiality might reasonably be questioned. See Rule 2.11. To the extent the court issued rulings that may be adverse to the respondent, the court's rulings do not show grounds for recusal. They do not demonstrate bias. The New Hampshire Supreme Court has observed that "[a]dverse rulings against the defendant in the same or in a prior judicial proceeding do not render the judge biased." See State v. Bader, 148 N.H. 265, 270 (2002) (quotation omitted). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." See id. (quotation omitted).

There is no evidence of such bias presented in this case. Even if the court entered adverse findings or rulings in an unrelated case, the record does not show that the court is biased against her in this proceeding. In addition to the matter identified by the plaintiff, the court apparently has presided over more than one matters involving this litigant in the past, including hearings in a landlord tenant case and a family court case. The rulings appear to have been mixed and were based on facts and law relevant to those cases. The evidence is not sufficient to show grounds for recusal in her stalking petition.

The court also notes that the defendant is an active member of the NH Bar and a guardian ad litem. From time to time she has appeared and likely is currently appearing in one or more other cases pending before the court. The court does not believe that recusal is warranted on this basis.

The motion is denied.

So Ordered.

July 25, 2022
Date

Judge Suzanne M. Gorman

STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH

County of Hillsborough                                                    9th Circuit - Goffstown Family Division

Case No. 438-2022-CV-30

In the Matter of Rochelle Pouget v. Kysa Crusco

## ADDITIONAL INFORMATION CONSIDERED BY THE COURT

Prior to issuing a ruling on the plaintiff's stalking petition, the court met with the plaintiff on the record on July 25, 2022. The following represents a summary of the testimony, which is preserved in its entirety in the court record.

The court inquired regarding the plaintiff's current interactions with the defendant. The plaintiff indicated that she has requested the defendant to answer questions regarding her involvement in the plaintiff's family court matters and to admit actions that the plaintiff believes show wrongdoing, but the defendant has not done so. According to the plaintiff, most recently she sent the defendant an email but the defendant did not respond.

The plaintiff stated that her divorce was in 2015 and her parental rights were removed in 2014. She indicated that she is afraid of the defendant both for herself and for her minor child. She believes that defendant's actions involving her court cases, the police and DCFY show that she is a danger both to the plaintiff and to other family court litigants. The plaintiff stated that she does not have current matters in which the defendant is involved, although she has contacted authorities regarding the defendant and there may be investigations pending.

So Ordered.


July 25, 2022
Date                                                              Judge Suzanne M. Gorman

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

9th Circuit - District Division - Goffstown
329 Mast Road
Goffstown NH  03045

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## ORDER ON DVP/STALKING DENIAL
## OR NO TEMPORARY ORDERS

Case Number:   **438-2022-CV-00030**                           PNO:

Rochelle Pouget                                    V. Kysa Crusco
Plaintiff                                              Defendant                                  Def Date of Birth

## ORDER

☑  PETITION DENIED AND CASE DISMISSED for the following reasons:

The petition does not show "stalking" as set forth in the statute. The plaintiff may have other remedies available to her and this order is not

☐  NO TEMPORARY ORDERS ARE ISSUED.  However, THIS CASE SHALL BE SCHEDULED
FOR A HEARING with plaintiff and defendant present, as set forth below (see NOTICE OF
HEARING).   intended to prejudice other avenues for relief, if any.

**Recommended:**

July 25, 2022
Date                                                           Signature of Marital Master

                                                               Printed Name of Marital Master

**So Ordered:**
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital
master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal
standard to the facts determined by the marital master/judicial referee/hearing officer.

7/25/22
Date                                                           Signature of Judge
                                                               Suzanne M. Gorman
1-855-212-1234
Telephone Number of Court                                      Print / Type Name of Judge

## NOTICE OF HEARING

**NOTICE TO LAW ENFORCEMENT:** Please serve this NOTICE OF HEARING on the defendant
named in this petition.  This case is scheduled for a hearing at the above court on _____ at
_____. The plaintiff and defendant are hereby summoned to appear at the hearing.  The
court will hear testimony from both parties.  One half hour will be allotted for this hearing.

If you will need an interpreter or other accommodations for this hearing, please contact the court
immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a
firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Date                                                           Lynn R. KillKelley, Clerk of Court

deemed just and proper. ...chronological evaluations of the parties; and grant such other relief ... an additional retainer of $2,5...

Respectfully submitted
James Coburn
By His Attorney

Date: January 28, 2014

PATRICIA A. MURPHY
RAIMO & MURPHY, P.C.
67 CENTRAL STREET
MANCHESTER, NH 03101
(603) 625-2152
NH BAR #1847



To Whom it May Concern at the Hillsborough County Registrar's Office and Gail (former employee at Raimo Murphy Law who currently works for Kysa Crusco I believe),

My name is Rochelle Pouget, formerly Rochelle XXXXXX. It has come to my attention and the attention of my attorneys, the AG's office, the Governor's office, my lender, family, general public, etc., that the quit claim deed that I signed shortly after mediation in 2014, (and after my parental rights were temporarily removed by predatory unconstitutional practices), was immediately given back to my ex-husband James Reid Coburn in January 2015 by Patricia Murphy and/or someone at Raimo Murphy Law Firm. Patricia Murphy (now retired) was and still is responsible for ensuring that the quit claim deed I signed is being held in escrow, per our court order.

I am currently living in the home with my daughter and she is a minor. We are surviving on survivor and widower benefits and I'm applying for long term medical disability, due to serious medical issues, brought on by extreme stress I've endured over the years from the nefarious and deplorable actions of those who were supposed to protect my daughter from abuse.

I'm contacting the bar association, the Judicial Conduct Committee, and the Professional Conduct Committee as well as posting this email on Reddit and every single media outlet, until the Quit Claim Deed is back in Escrow where it belongs, so my attorneys can take the appropriate actions, to save our home, now that Mr. Coburn is dead.

Please keep in mind that a 2nd GAL was assigned to my case after GAL/Attorney Kysa Crusco and retired Attorney Trish Murphy provided false information on an affidavit just prior to the removal of my temporary parental rights, while I was a mandated reporter, at work teaching, during a hearing that I was not notified about properly. They knew I was at work. They knew I couldn't answer my cell phone at work, and they knew the number to properly notify me, but they chose to call my cell phone and send me a private email, not an email to my work email address.

BTW, I reported accurate information to DCYF, and it has been verified by the State Police, DCYF, and the CAC, and yet my parental rights were temporarily removed for placing a call to report a 2nd abuse incident that was also verified AFTER my parental rights were removed and my divorce was mediated, where I felt forced to comply with every demand of my now deceased ex-husband, who managed to con family and friends of hundreds of thousand of dollars before and after my divorce. Way to go

NBPD! Not one phone call to his family or friends who could verify his long history of financial abuse after I reported financial abuse. Not one and I repeatedly asked them to. Consequently, other innocent women were financially scammed and he even scammed his own brother and adult son in CA out of approximately $40k too. Some great detective work going on there at the NBPD, let me tell you.

Please take the appropriate steps to rectify the quit claim deed issue for XX XXXXXXX XX, New Boston, NH 03070. I would also like you to investigate how it was possible for the quit claim deed (that was court ordered to be held in escrow and addressed to Attorney Patricia Murphy) to be tampered with. Somehow Patricia's name was crossed out and it was switched to my ex-husband's name. The signature on the deed is Pamela Coughlin and I realize her husband is the Hillsborough County Attorney. Please find out who crossed out Patricia's name and why. Did Pamela and Patricia know each other and contact each other to okay this? Did Pamela contact anyone who authorized this? Wonder what would happen if I were to get ahold of Patricia Murphy's luxury home deeds (I believe she has two homes), cross out her name, and insert mine, would that be allowed at the Hillsborough County Registrar's Office? Or maybe Governor Sununu's deed to his house, would that be ok? OBVIOUSLY NOT, but it's somehow ok with my deed.

This is now affecting our health and well-being as we are being threatened with eviction and foreclosure. I would like you to respond today as time is of the essence. I have been informed our house will go into foreclosure today if I can't get help with this situation and then I will have to resort to Civil Lawsuits on behalf of my daughter and possibly myself. She does have rights in this house and she is being represented by an attorney.

Please feel free to contact my attorney or the one representing my daughter with any other questions, but only in writing and only with the above mentioned people copied because as you know, transparency is essential in this day and age.

P.S. Kysa and Trish, if you see this and have any issues with me calling out your behaviors, please know that everyone copied in this email has been copied on Dr. Taracena's notes, transcripts, emails, etc. and Jim gave my daughter his computer shortly before he passed away, ha ha. Dr. Taracena's notes are in direct conflict with your statements on your sworn affidavit and during the hearing which led to the temporary removal of my parental rights.

Interesting how I had to feel forced into mediation after two years of gathering evidence because of the false statements that the judge chose to believe. After I insisted Kysa step down before mediation, so we could get an objective and unbiased parent coordinator, things quickly turned around and the judge assigned a 2nd GAL/Attorney to my case.

We had a 4 day hearing scheduled for October 2014 and my parental rights were taken away in August, hmmmm. I was going to present a boat load of evidence, but there was no way I was going to allow you to attempt to permanently orchestrate the removal of my parental rights, the way you did with my temporary parental rights.

I have spent a significant amount of time and energy working on this case and while I understand this might not be criminal in nature, it most certainly is a Civil issue that will be addressed if it's not rectified, and it's not a threat, it's my Constitutional Right to seek Justice!

Please attend to this today February 25, 2022 by 5pm.

Regards,

Rochelle Pouget

20 Lincoln Drive

New Boston, NH 03070