UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Rochelle Pouget

     v.                                  Civil No. 22-cv-382-SE

Kysa Crusco, et al.

ORDER

The plaintiff, Rochelle Pouget, is suing parties including the attorney who was a guardian ad litem and the family court judge/marital referee in the plaintiff's divorce in 2014/2015, the executor of her ex-husband's estate, the bank that holds the mortgage on her residence, and the bank's lawyers.  Plaintiff has filed a motion for an ex parte temporary restraining order ("TRO") seeking to enjoin a non-judicial mortgage foreclosure sale of her residence in New Boston, New Hampshire, scheduled for September 26, 2022. She asserts that she and her minor daughter will lose their home if the sale is not enjoined.

The plaintiff filed a similar motion in early September 2022 in Superior Court in a civil action against an overlapping set of defendants, seeking to enjoin the foreclosure sale.  Her ex parte TRO motion in that case was denied on September 12, 2022, see Pouget v. Coburn, No. 216-2022-cv-427 (N.H. Super. Ct., Hillsborough Cty. N.D. Sept. 12, 2022).  That state case remains pending.

A TRO may be issued "without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).  Plaintiff has not provided this court with the requisite certification.  Moreover, for this court to enjoin the foreclosure sale, the plaintiff would need to demonstrate, among other things, a likelihood of success on the merits on her claims challenging that foreclosure.  As it appears that she may be collaterally estopped from seeking the same relief here that the Superior Court denied, and that abstention may also be appropriate, see Tompson v. First E. Mortg. Corp., No. 17-CV-113-PB, 2017 WL 7411006, at *3-5, 2017 U.S. Dist. LEXIS 229241, at *7-12 (D.N.H. May 11, 2017) (abstaining under Colorado River in similar case); see generally Colo. R. Water Conserv. Dist. v. United States, 424 U.S. 800 (1976)), the plaintiff's motion for an ex parte TRO (doc. no. 2) is DENIED.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

September 26, 2022

cc:  Rochelle Pouget, pro se