## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ROCHELLE POUGET,<br><br>     Plaintiff,<br><br>v.<br><br>KYSA CRUSCO, PHILIP CROSS, SALEM FIVE BANK, HARMON LAW OFFICES, TIMOTHY LOVELESS, JAMES R. BRACE, PATRICIA MURPHY, JOHN COUGHLIN, DCYF, TOWN OF NEW BOSTON, *and* 20 LINCOLN DRIVE, LLC<br><br>     Defendants, | Civil Action No. 1:22-CV-00382-SM |

## MEMORANDUM OF LAW IN SUPPORT OF
## 20 LINCOLN DRIVE, LLC'S MOTION TO DISMISS

NOW COMES the Defendant, 20 Lincoln Drive, LLC ("20 Lincoln"), by and through counsel, Bernstein, Shur, Sawyer & Nelson, P.A., and hereby files a Memorandum of Law in Support of 20 Lincoln's Motion to Dismiss. In support thereof, 20 Lincoln states as follows:

### Introduction

The Plaintiff, Rochelle Pouget f/k/a Rochelle Coburn (the "Plaintiff") asserts a number of allegations in her Complaint against numerous defendants. As it pertains to 20 Lincoln, the Plaintiff is the foreclosed prior owner of real property in New Boston, New Hampshire, which 20 Lincoln lawfully acquired via Foreclosure Deed in October 2022. Now, the Plaintiff, in relevant part, challenges the foreclose process and seeks to recover possession of the foreclosed property to the detriment of 20 Lincoln—a bona fide purchaser for value. However, 20 Lincoln is the lawful owner of the foreclosed property. Further, the Plaintiff failed to allege sufficient facts to state a claim that is plausible on its face against 20 Lincoln. Indeed, the Plaintiff barely mentions 20

Lincoln in the Complaint and, to the extent she references 20 Lincoln, she fails to allege that it engaged in any wrongdoing.  Therefore, the Court should dismiss the Plaintiff's Complaint against 20 Lincoln with prejudice.

**Facts**

### I.    Relevant Background Facts

20 Lincoln is the bona fide purchaser for value of the real property located at 20 Lincoln Drive in New Boston, New Hampshire (the "Property").  The Plaintiff is the foreclosed prior owner of the Property.  On or around January 31, 2006, the Plaintiff and James Coburn ("Coburn") acquired the Property via Warranty Deed, which was recorded in the Hillsborough County Registry of Deeds at Book 7622, Page 2871 on January 31, 2006.  (*See* Mortgagee's Notice of Sale of Real Property (Doc. No. 8-1.))  On the same date, the Plaintiff and Coburn granted a Mortgage on the Property to Salem Five Mortgage Company, LLC, which was recorded in the Hillsborough County Registry of Deeds at Book 7622, Page 2782 on January 31, 2006 (the "Mortgage").  (*See* Foreclosure Deed (Doc. No. 8-1.))  Salem Five Mortgage Company, LLC subsequently assigned the Mortgage to Salem Five Cents Savings Bank (the "Bank") via Massachusetts Assignment of Real Estate Mortgage, which was recorded with the Hillsborough County Registry of Deeds at Book 7622, Page 2892 on January 31, 2006.  (*See* Hills. County Registry of Deeds Snapshot (Doc. No. 8-1.))

The Plaintiff and Coburn subsequently defaulted on the Mortgage.  (*See* Mortgagee's Notice of Sale of Real Property (Doc. No. 8-1.))  As a result, the Bank started the process to foreclose on the Mortgage and published a Mortgagee's Notice of Sale of Real Estate in The Union Leader on August 17, 24, and 31, 2022.  (*See* Aff. Required by N.H. R.S.A. 479:26 (Doc. No. 8-1.))  The Bank held an auction sale on September 26, 2022, at which time the Bank sold the

Property to the highest bidder, Meghan Bangs, who subsequently assigned the bid to 20 Lincoln. (*Id.*; *see also* Assignment of Bid (Doc. No. 8-1.))  On October 3, 2022, the Bank conveyed the Property to 20 Lincoln via Foreclosure Deed, which was recorded in the Hillsborough County Registry of Deeds at Book 9662, Page 1982 on Oct. 27, 2022.  (Foreclosure Deed (Doc. No. 8-1.))

Shortly thereafter, 20 Lincoln served an Eviction Notice on the Plaintiff.  (Eviction Notice (Doc. No. 8-1.))  Pursuant to the Eviction Notice, 20 Lincoln evicted the Plaintiff because the Property "was purchased at foreclosure auction."  (*Id.*)

## II.    Procedural History

On or around September 23, 2022, the Plaintiff filed a Complaint to initiate the above-captioned matter against Philip Cross, Kysa Crusco, Harmon Law Offices, and Salem Five Bank. (*See* Compl. (Doc. No. 1.))  Based on the allegations in the Complaint, it appears that the Plaintiff initiated the above-captioned matter to enjoin a foreclosure sale of the Property.  (*See id.*)

The Plaintiff contemporaneously filed a Motion for Temporary Restraining Order, in which the Plaintiff asked the Court to restrain the Defendants named in the Complaint from "foreclosing and/or auctioning [the Plaintiff's] marital residence, 20 Lincoln Dr.[,] New Boston, NH 03070, until a hearing is held where [the Plaintiff] can present evidence of fraud, obstruction of justice, neglect, abuse, etc."  (*See* Mot. Temp. Rest. Order (Doc. No. 2.))  On or around September 26, 2022, the Court denied the Motion for Temporary Restraining Order, in part, on that basis that the Plaintiff will likely not succeed on the merits of her claims in the instant litigation because:

> The plaintiff filed a similar motion in early September 2022 in Superior Court in a civil action against an overlapping set of defendants, seeking to enjoin the foreclosure sale.  Her ex parte TRO motion in that case was denied on September 12, 2022, see Pouget v. Coburn, No. 216-2022-cv-427 (N.H. Super. Ct., Hillsborough Cty. N.D. Sept. 12, 2022).  That state case remains pending...As it appears that she may be collaterally estopped from seeking the same relief here that the Superior Court denied, and that abstention may also be appropriate, see Tompson v. First E. Mortg. Corp., No. 17-CV-113-PB, 2017 WL 7411006, at *3-5,

2017 U.S. Dist. LEXIS 229241, at *7-12 (D.N.H. May 11, 2017) (abstaining under Colorado River in similar case); see generally <u>Colo. R. Water Conserv. Dist. v. United States</u>, 424 U.S. 800 (1976)), the plaintiff's motion for an ex parte TRO (doc no. 2) is denied.

(Order at pp. 1-2, Doc. No. 4.)

On or around April 12, 2023, the Plaintiff filed a Motion to Amend Complaint (Doc. No. 8), which this Court granted on April 13, 2023. In its Order, the Court explained that the Plaintiff's Motion to Amend (Doc. No. 8) and corresponding attachment (Doc. No. 8-1) were "now deemed to be part of the original complaint (Doc. No. 1) for all purposes." The Plaintiff subsequently sought leave, again, to amend her Complaint, which this Court granted on April 24, 2023. (*See* Mot. Amend. Compl. (Doc. No. 9).) In its Order, the Court explained that the Plaintiff's Motion to Amend (Doc. No. 9) and corresponding attachment (Doc. No. 9-1) were "now deemed to be part of the original complaint." As a result, the Plaintiff's Amended Complaint consists of the Original Complaint (Doc. No. 1), the Plaintiff's Amended Complaint and attachment (Doc. Nos. 8 and 8-1), and the Plaintiff's Second Amended Complaint and attachment (Doc. Nos. 9 and 9-1) (collectively, the "Complaint").

In her Complaint, the Plaintiff asserts one allegation against 20 Lincoln as follows:

Then the new buyers, who I suspect know the attorneys and/or employees at Salem Five, have filed Court documents to evict my daughter and me and they referenced the wrong deed as well, to get around the fact that my home has been stolen from my daughter and me and Real Estate Fraud, that has yet to be investigated, actually occurred and my daughter and I are being abused and kicked out due to corruption in law enforcement, collusion, and Family Court malfeasance.

(Amended Compl. (Doc. No. 8 at ¶ 23.) Additionally, the Plaintiff mentions 20 Lincoln in her Prayers for relief as follows:

I.     That those who committed fraud with the Quit Claim Deed at Harmon Law, Salem Five, and 20 Lincoln Drive LLC, be required to either give me my marital residence back, free and clear of any debt owed, after the Quit Claim Deed is removed from the Hillsborough County Registry of Deeds and

> returned to the Goffstown Courthouse where it should have gone after Patricia A. Murphy retired, or pay $1,000,000.00 for committing fraud against me and causing my minor child and me a horrendous amount of emotional trauma.

(*Id.* at Prayers for Relief ¶ I.))  The Plaintiff does not allege any other allegations against 20 Lincoln in the Complaint.

Based on the allegations in the Complaint, it appears that the Plaintiff attempted to assert a fraud claim against 20 Lincoln.  However, the Plaintiff failed to state a claim for fraud against 20 Lincoln.  Further, the Plaintiff to state any claims against 20 Lincoln.  Therefore, the Plaintiff's Complaint should be dismissed.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Under this plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This pleading requirement demands "more than a sheer possibility that [the] defendant has acted unlawfully," or "facts that are merely consistent with [the] defendant's liability."  *Id.* (quotation omitted).  Although the complaint need not set forth detailed factual allegations, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

In deciding a motion to dismiss, the Court takes the non-conclusory factual allegations in the complaint as true and resolves reasonable inferences in favor of the nonmoving party.  *Doe v. Stonehill College, Inc.*, 55 F.4th 302, 316 (1st Cir. 2022).  The Court "may also consider facts subject to judicial notice" and "implications from documents incorporated into the complaint."  *Breiding v. Eversource Energy*, 939 F.3d 47, 49 (1st Cir. 2019.)

## LEGAL ARGUMENT

**I.     The Plaintiff failed to allege sufficient facts to state a fraud claim against 20 Lincoln.**

The Court should dismiss the Complaint against 20 Lincoln because the Plaintiff failed to allege sufficient facts to state a fraud claim against 20 Lincoln.  As set forth above, it appears that the Plaintiff attempted to assert a fraud claim against 20 Lincoln.  Pursuant to Federal Rule of Civil Procedure 9(b), "a party [alleging fraud] must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "This requirement 'entails specifying in the pleader's complaint the time, place, and content of the alleged false or fraudulent representations.'"  *Arruda v. Sears Roebuck & Co.*, 310 F.3d 13, 19 (1st Cir. 2022) (quoting *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir. 1991)).  When "multiple defendants are involved, each defendant's role in the fraud must be particularized." *Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co.*, 802 F. Supp. 595, 600 (D.N.H. 1992); *Shields v. Amoskeag Bank Shares, Inc.*, 766 F. Supp. 32, 40 (D.N.H. 1991).  The purpose of Federal Rule of Civil Procedure 9(b) is to give "each defendant notice of what role he is alleged to have played in the fraud."  *Shield*, 766 F. Supp. 32 at 40.

Here, the Plaintiff failed to "state with particularity the circumstances constituting" 20 Lincoln's purported involvement in the "Real Estate Fraud."  *See* Fed. R. Civ. P. 9(b).  For example, the Plaintiff alleged that she "suspects" 20 Lincoln "know[s] the attorneys and/or employees at Salem Five."  (Amended Compl. (Doc. No. 8 at ¶ 23.)  In the same Paragraph, the Plaintiff alleges that 20 Lincoln "filed Court documents to evict my daughter and me and they referenced the wrong deed," which according to the Plaintiff was done to "get around the fact that my home has been stolen from my daughter and me and Real Estate Fraud."  (*Id.*)  At best, the Plaintiff's allegations against 20 Lincoln rest on conclusory statements, which are insufficient to state a claim for fraud—

or *any* claim against 20 Lincoln.  *See Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); *see also Bourne v. Stewart Title Guar. Co.*, No. 09-CV-00270-PB, 2011 WL 635304, at *4 (D.N.H. Feb. 16, 2011) (dismissing fraud claim because allegations were "in the form of conclusory statements, which are not entitled to an assumption of truth").

Based on the foregoing, the Plaintiff's Complaint against 20 Lincoln should be dismissed.

II.     **The Plaintiff failed to state a plausible claim against 20 Lincoln.**

The Court should dismiss the Plaintiff's Complaint against 20 Lincoln for failure to state a claim.  As a preliminary matter, *all* of the Plaintiff's allegations concerning the foreclosure arise out of activities that occurred *after* the Plaintiff and Coburn granted the Mortgage to the Bank in 2006.  For example, the Plaintiff asserts that the Bank's foreclosure on the Mortgage was improper because her late ex-husband, Coburn, improperly recorded a deed (that the Plaintiff executed), which conveyed the Property from the Plaintiff and Coburn to Coburn in 2015.  (Am. Compl. ¶¶ 18-19 (Doc. No. 8.))  Notably, the conveyance of the Property from the Plaintiff and Coburn to Coburn, regardless of whether it was valid or not, did *not* negate the Plaintiff's and/or Coburn's obligations under the Mortgage.  Indeed, the Mortgage, which was recorded in 2006, had priority over the purportedly fraudulent deed that was recorded in 2015.  Accordingly, whether Coburn fraudulently recorded a deed at the Cheshire County Registry of Deeds has no impact on the validity of the Mortgage.  Since the Plaintiff and/or Coburn defaulted under the Mortgage, the Bank had a legal right to foreclosure on the Mortgage and sell the Property.  In accordance with its legal rights, the Bank foreclosed on the Mortgage and conveyed the Property via Foreclosure Deed to 20 Lincoln—a bona fide purchaser for value.

Other than the allegations addressed above in Section I, the Plaintiff has not alleged any other facts and/or claims against 20 Lincoln in the Complaint.  Rather, the Plaintiff's limited allegations against 20 Lincoln concern the sale of the Property via foreclosure.  As set forth above, 20 Lincoln lawfully acquired the Property via Foreclosure Deed.  (*See* Foreclosure Deed (Doc. No. 8-1.))  20 Lincoln did not engage in any wrongdoing in connection with the foreclosure sale, nor are there any allegations in the Complaint that would allow the Court to "draw the reasonable inference" that 20 Lincoln is liable for any misconduct.  *Iqbal*, 556 U.S. at 678.  Therefore, the Court should dismiss the Complaint against 20 Lincoln.

Based on the foregoing, the Court should dismiss the Plaintiff's Complaint against 20 Lincoln.

## III.    The Plaintiff's Complaint against 20 Lincoln should be dismissed with prejudice.

Finally, the Court should dismiss the Plaintiff's Complaint with prejudice.  At this time, the Court has provided the Plaintiff with three (3) opportunities to amend her Complaint.  Despite the foregoing, the Plaintiff still failed to allege sufficient facts to state a plausible claim against 20 Lincoln for fraud or otherwise.  In the interest of judicial economy and to reduce the legal fees that the Plaintiff has caused 20 Lincoln to incur, 20 Lincoln respectfully requests that the Court deny the Plaintiff any further opportunities to amend her Complaint.  As a result, the Court should dismiss the Complaint with prejudice.

### Conclusion

For the reasons set forth herein, the Court should dismiss the Complaint against 20 Lincoln with prejudice.

Respectfully submitted,
20 Lincoln Drive, LLC

By and through its counsel,
Bernstein, Shur, Sawyer & Nelson, P.A.

8

Dated: May 23, 2023                     /s/ Roy W. Tilsley, Jr. _____
                                        Roy W. Tilsley, Jr., Esq., NH Bar No. 9400
                                        Hilary Holmes Rheaume, Esq., NH Bar No. 265510
                                        670 N. Commercial St., Suite 108
                                        P.O. Box 1120
                                        Manchester, New Hampshire 03105
                                        T: (603) 623-8700
                                        F: (603) 623-7775
                                        rtilsley@bernsteinshur.com
                                        hrheaume@bernsteinshur.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this motion was electronically filed in the court's electronic filing system and served on the following persons on this 23rd day of May, 2023 via First Class Mail:


                                        /s/ Roy W. Tilsley, Jr. _____
                                        Roy W. Tilsley, Jr., Esq.