Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

# UNITED STATES DISTRICT COURT

for the

1st District of New Hampshire

Division

FILED - USDC -NH
2023 MAY 23 PM 2:39

| | | |
|---|---|---|
| Rochelle Pouget | ) | Case No. 22-CV-00382-SE |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) | Jury Trial: *(check one)* ☐ Yes ☐ No |
| -v- | ) | |
| | ) | |
| | ) | |
| | ) | |
| John Couglin, Kysa Crusco, Salem 5 Bank, Derek Coburn, Phil Cross | ) ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) | |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

I. **The Parties Filing This Answer to the Complaint**

Provide the information below for each defendant filing this answer or other response to the allegations in the plaintiff's complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kysa Crusco |
| Street Address | 24 Eastman Ave, Ste C4 |
| City and County | Bedford, NH 03110 |
| State and Zip Code | 03110 |
| Telephone Number | 603-627-3668 |
| E-mail Address | kysa@cruscolaw.com |

II. **The Answer and Defenses to the Complaint**

A. **Answering the Claims for Relief**

Attorney Kysa Crusco was appointed as Guardian ad litem for Danielle Coburn on July 26, 2013 in the Matter of Rochelle Coburn and James Coburn, 9th Circuit Family Division – Goffstown, Case No. 638-2012-DM-00098. Attorney Crusco served as GAL until November 6, 2014 when the Court issued a final decree of divorce. Attorney Crusco has had no involvement with the Coburn divorce case since November 2014 other than the numerous professional and criminal complaints filed by Rochelle Coburn, now Rochelle Pouget. Ms. Pouget filed 3 complaints between 2014 and 2017 with the Guardian ad Litem Board, all of which were dismissed. Ms. Coburn filed a grievance on March 2, 2022 with the Attorney Discipline Office. On March 9, 2022 the ADO issued a letter declining to docket the grievance. Ms. Pouget has also filed various criminal complaints with the Goffstown Police Department, the New Hampshire Attorney General's Office and the Hillsborough County Attorney's Office, none of which law enforcement declined to prosecute. On July 22, 2022, Ms. Pouget filed a Civil Complaint in the Hillsborough Superior Court Northern District, Rochelle Pouget v. Derek Austin Coburn, et al, Docket No. 216-2022-CV-00427. On October 17, 2022, the Court dismissed Ms. Pouget's complaint. Ms. Pouget filed a subsequent Civil Complaint in the same court, Rochelle Pouget v. James Beard, et al., 216-2023-CV-00218, where motions to dismiss are Page 1 of 7 pending. Defendant denies the claims brought by the Plaintiff.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

**B.  Presenting Defenses to the Claims for Relief**

Write a short and plain statement identifying the defenses to the claims, using one or more of the following alternatives that apply.

1. The court does not have subject-matter jurisdiction over the claims because *(briefly explain why there is no federal-question jurisdiction or diversity-of-citizenship jurisdiction; see the complaint form for more information)*

2. The court does not have personal jurisdiction over the defendant because *(briefly explain)*

3. The venue where the court is located is improper for this case because *(briefly explain)*

4. The defendant was served but the process–the form of the summons–was insufficient because *(briefly explain)*

5. The manner of serving the defendant with the summons and complaint was insufficient because *(briefly explain)*

6. The complaint fails to state a claim upon which relief can be granted because *(briefly explain why the facts alleged, even if true, are not enough to show the plaintiff's right to recover)*

7. Another party *(name)* needs to be joined (added) in the case. The reason is *(briefly explain why joining another party is required)*

    a.     If the basis for subject-matter jurisdiction is diversity of citizenship, state the effect of adding the other party:

        The other party is a citizen of the State of *(name)*         .

        Or is a citizen of *(foreign nation)*         . The amount of damages sought from this other party is *(specify the amount)*         .

    b.     If the claim by this other party is based on an alleged violation of a federal constitutional or statutory right, state the basis:

## C.   Asserting Affirmative Defenses to the Claims for Relief

Identify an affirmative defense or avoidance that provides a basis for the defendant to avoid liability for one or more of the plaintiff's claims even if the basis for the claim is met. Any affirmative defense or avoidance must be identified in the answer. Include any of the following that apply, as well as any others that may apply.

The plaintiff's claim for *(specify the claim)*

is barred by *(identify one or more of the following that apply)*:

1.     Accord and satisfaction *(briefly explain)*

2.     Arbitration and award *(briefly explain)*

3.     Assumption of risk *(briefly explain)*

4.     Contributory or comparative negligence of the plaintiff *(briefly explain)*

5.     Duress *(briefly explain)*

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

6.     Estoppel *(briefly explain)*

The Plaintiff has previously filed two separate actions based on the same claims in the Hillsborough County Superior Court. The first, Rochelle Pouget v. Derek Austin Coburn, et. al, 2022-CV-00427 was dismissed with prejudice. The second, Rochelle Pouget v. James Beard, Jr. et al, Docket No 2023-CV-00218, is pending dismissal. The Plaintiff is estopped from bringing further action based on the same and similar claims.

7.     Failure of consideration *(briefly explain)*

8.     Fraud *(briefly explain)*

9.     Illegality *(briefly explain)*

10.    Injury by fellow employee *(briefly explain)*

11.    Laches (Delay) *(briefly explain)*

12.    License *(briefly explain)*

13.    Payment *(briefly explain)*

14.    Release *(briefly explain)*

15.    Res judicata *(briefly explain)*

The Plaintiff has previously filed two separate actions based on the same claims in the Hillsborough County Superior Court. The first, Rochelle Pouget v. Derek Austin Coburn, et. al, 2022-CV-00427 was dismissed with prejudice. The second, Rochelle Pouget v. James Beard, Jr. et al, Docket No 2023-CV-00218, is pending dismissal. The Plaintiff is estopped from bringing further action based on the same and similar claims.

16. Statute of frauds *(briefly explain)*

17. Statute of limitations *(briefly explain)*

    Attorney Crusco worked as a Guardian ad litem on Plaintiff's divorce case. Attorney Crusco concluded work on the case November 6, 2014. Plaintiff knew, or should have known, of any alleged contact by Attorney Crusco no later than NOvember 6, 2014 as all acts took place prior to that time. Any action should have been commenced no later than November 6, 2017. This matter, filed in 2022 and served in April 2023 is outside of the statute of limitations.

18. Waiver *(briefly explain)*

19. Other *(briefly explain)*

    Defendant asserts the affirmative defense of quasi-judicial immunity. All actions by Attorney Crusco were undertaken in her capacity as GAL. GALs enjoy absolute quasi-judicial immunity under New Hampshire law.

D. **Asserting Claims Against the Plaintiff (Counterclaim) or Against Another Defendant (Cross–Claim)**

For either a counterclaim against the plaintiff or a cross–claim against another defendant, state briefly the facts showing why the defendant asserting the counterclaim or cross–claim is entitled to the damages or other relief sought. Do not make legal arguments. State how each opposing party was involved and what each did that caused the defendant harm or violated the defendant's rights, including the dates and places of that involvement or conduct. If more than one counterclaim or cross–claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. The defendant has the following claim against the plaintiff *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

2. The defendant has the following claim against one or more of the other defendants *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

3. State briefly and precisely what damages or other relief the party asserting a counterclaim or cross-claim asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons that are alleged to entitle the party to actual or punitive money damages.

   a. The defendant asserting the counterclaim or cross-claim against *(specify who the claim is against)* alleges that the following injury or damages resulted *(specify)*:

   b. The defendant seeks the following damages or other relief *(specify)*:

III. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        05/21/2023

Signature of Defendant    Kysa Crusco  *Kysa Crusco*
Printed Name of Defendant   Kysa Crusco

B. **For Attorneys**

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address