UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | : | |
|---|---|---|
| Rochelle Pouget | : | |
| | : | |
| v. | : | Civil Action No. 22-cv-00382-SM |
| | : | |
| Kysa Crusco, et al. | : | |
| | : | |

**DEFENDANTS TOWN OF NEW BOSTON, JAMES BRACE, AND TIMOTHY LOVELESS'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

This case is the latest of a series of lawsuits brought by Plaintiff against judges, prosecutors, attorneys, investigators, guardians ad litem and numerous other persons she has encountered during her myriad legal battles. This latest effort - her first in the federal court – is comprised of three different filings – the original Complaint and two Motions to Amend. Even in combination, however, the pleadings fail to include sufficiently specific allegations or legal claims to sustain any cause of action against the New Boston Defendants. As such, they must be dismissed from this action.

**PROCEDURAL HISTORY**

Plaintiff filed the original Complaint in this matter on September 23, 2022. [Doc. No. 1]. Therein, she named five parties and appeared to be seeking to prevent an imminent foreclosure sale of her home. The New Boston Defendants were not named therein.[1]

---

[1] The Docket also references a criminal complaint and affidavit that apparently are attachments to the Complaint. *See* Doc. No. 1-1. Those materials appear to be sealed and remain unavailable to Defendants.

On April 12, 2023, Plaintiff moved to amend the Complaint, attaching to her Motion an 82-page exhibit. [Doc. Nos 8 & 8-1]. New Boston Chief of Police James Brace, Sergeant Timothy Loveless, and the New Boston Police Department (collectively, "New Boston Defendants") were mentioned in the 10 page Motion. The Court granted the Motion the following day, allowing that the allegations in the Motion and exhibit would be considered part of the original complaint. In so doing, the New Boston Defendants appear to have been added as Defendants in the action.

On April 13, 2023, Plaintiff filed a second Motion to Amend [Doc. No. 9], which motion was allowed on April 24, 2023, with the same proviso: that the allegations therein would be considered part of the Complaint. Thus, the operative Complaint is now the combination of Docket Nos. 1, 8 and 9.

## STATEMENT OF FACTS

It appears that this action originated as an effort to have the federal court intervene in foreclosure proceedings occurring in state court. [Doc. No. 1]. From the materials the New Boston Defendants can access, there do not appear to be any allegations against them in that filing. Likewise, the second Motion to Amend [Doc. No. 9] does not appear to contain any allegations regarding the New Boston Defendants. Thus, the focus of this Motion is on the allegations in the first Motion to Amend [Doc. No. 8].

Therein, Plaintiff alleges that she reported an assault by her husband in November 2012. [Doc. No. 8, ¶1]. She appears to complain that the New Boston Police Department failed or refused to investigate her complaint properly. [Doc. No. 8, ¶5]. According to the Plaintiff, thereafter the Chief "went on a campaign to destroy everything in my life and he is still doing to so this day." *Id*. She fails, however, to identify any specific actions by the Chief, instead providing broad claims of malfeasance untethered to time or facts. *See, e.g.,* Doc. No. 8, ¶6. Indeed, her only specific

allegations concerning the Chief date to 2012 and 2014, when she claims her complaints "weren't investigated properly." [Doc. No. 8, ¶¶ 9, 10]. Her allegations concerning Sgt. Loveless are equally opaque. In a single sentence, she alleges that the Sergeant "wrote false statements to make it appear as though I'm making things up and/or crazy." [Doc. No. 8, ¶7].

The attachment to the Motion sheds no further light on her claims. It consists primarily of records from her divorce action, foreclosure papers, and correspondence with her daughter's Guardian ad Litem. The only references to the New Boston Defendants appear to be a 2013 unsigned "Video & Audio Analysis" [Doc. No. 8-1 pp. 46-48], a further complaint that the department did not investigate her 2012 assault complaint [Doc. No. 8-1 p.71, last paragraph], and a heavily redacted report that seems to relate to a May 2020 traffic stop of Plaintiff. [Doc. No. 8-1 pp. 75-58]. None of those contain materials are tied to any specific legal claims against the New Boston Defendants.

What is clear from the papers is that Plaintiff is a serial litigant who has brought numerous claims against any person she believes has affronted her. *See e.g.* Doc. No. 1, ¶2 (describing Motion for Restraining Order Plaintiff filed against "26 people" including U.S. Attorney Jane Young, County Attorney John Coughlin, Chief Brace, GAL Kysa Crusco, and at least two judges); Doc. No. 8, ¶23 (referencing motions filed in probate court, superior court and federal court). In her current action she continues this pattern, alleging that the Attorney General's Office failed to investigate the Chief or "another fraudster named Kysa Crusco, an attorney and guardian ad litem," [Doc. No. 8, ¶11], that at some stage her parental rights were "fraudulently removed," [Doc. No 8, ¶15], and that she was defrauded by two attorneys who she paid in advance to assist her with a hearing regarding her property. [Doc. No. 8, ¶16].

## STANDARD OF REVIEW

"To state a claim for relief, a complaint must set forth factual allegations that are enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Franehi v. New Hampton Sch.*, 656 F. Supp. 2d 252, 255 (D.N.H. 2009) (internal citations and punctuation omitted). Legal conclusions must be supported by factual allegations. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court cannot accept a plaintiff's allegations as true if they are but "threadbare recitals of a cause of action elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 677-678; *Bell Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). A plaintiff is obligated to provide more than just labels and conclusions to provide the grounds or basis for entitlement to relief. *Id*. "An unadorned, the-defendant-unlawfully-harmed-me accusation" likewise fails to satisfy plaintiff's obligations. *Id*.

Rather, the pleadings must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "At a bare minimum, even in this age of notice pleading, a defendant must be afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Diaz- Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).

## ARGUMENT

Plaintiff has not provided the Court or parties with a coherent set of allegations nor has she identified a single cause of action directed at the New Boston Defendants in the three filings that form the Complaint in this matter. Thus, it is left to Defendants (and this Court) to determine precisely what claims have been brought against them. Defendants have been unable to identify any.

Plaintiff has failed to set forth any legal theory on which she bases any claim against the Town of New Boston, its Chief, or Sergeant Loveless, much less set forth sufficient facts to support any such claim. With respect to the Chief, Plaintiff simply alleges that he failed to investigate her allegations of domestic abuse in 2012 and seemingly has had some grudge or vendetta against her ever since. Claims based upon Chief Brace's alleged actions in 2012 are, of course, time barred under New Hampshire's three-year statute of limitations. *See* RSA 508:4. A generalized claim that the Chief has grudge against her is not a viable legal cause of action.

Her allegations with respect to Sgt. Loveless are likewise lacking. *Id*. While Plaintiff claims that the Sergeant "wrote false statements" to make her appear as though she were "making things up and/or crazy" she does not identify any legal cause of action that is supported by the allegation. Simply asserting that a person was untruthful (which Sgt. Loveless would deny) is not a cause of action. Plaintiff does not (and could not), for example, claim that she was arrested based on such statements.

This case, in short, is exactly the type that must be dismissed under the standards set forth by *Iqbal*, *Twombly*, and *Rivera-Rodriguez*. Defendants simply have not been afforded either "adequate notice of any claims asserted against [them] nor "a meaningful opportunity to mount a defense." *Rivera-Rodriguez*, 377 F.3d at 123. They should, therefore, be dismissed from this action.

## **CONCLUSION**

Plaintiff has not articulated any specific legal claim against the New Boston Defendants nor do her allegations support a viable cause of action against them. As such, the claims against these Defendants must be dismissed.

Respectfully submitted,

**TOWN OF NEW BOSTON,
JAMES BRACE and
TIMOTHY LOVELESS**

By their Attorneys,

**CULLEN COLLIMORE SHIRLEY PLLC**

Date: May 26, 2023      By: /s/ Brian J.S. Cullen
    Brian J.S. Cullen (NH Bar No. 11265)
    37 Technology Way, Suite 3W2
    Nashua, NH 03060
    (603) 881-5500
    bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via mail on this day to all counsel of record by ECF.

Date: May 26, 2023      By: /s/ Brian J.S. Cullen
    Brian J.S. Cullen