**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
************************************ *
Rochelle Pouget                      *
                                     *
Petitioner                           *
                                     *    Civil No. 1:22-cv-00382-SE
v.                                   *
                                     *
John Coughlin, County Attorney, et. al.  *
                                     *
Respondent                           *
                                     *
                                     *
**************************************
```

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

Respondent, Hillsborough County Attorney John Coughlin, submits this memorandum of law in support of Respondent's motion to dismiss and states:

**INTRODUCTION**

In the context of her present petition for injunctive relief, Petitioner Rochelle Pouget ("Petitioner" or "Pouget") requests that this Court permanently restrain Hillsborough County Attorney John Coughlin ("County Attorney" or "Coughlin"), from having any contact with Petitioner or her minor child and that he be permanently banned from having anything to do with any investigations that might be "in the works or opened up" in the future that involve her daughter, herself or her marital residence. (Motion to Amend Complaint, Prayer for Relief, Page 8 para. E).

The Court should grant Respondent's motion to dismiss because even construing the complaint and Motion to Amend liberally, Petitioner has failed to state a claim for which relief can be granted and County Attorney Coughlin is entitled to immunity in his official capacity.[1]

## STATEMENT OF FACTS[2]

Petitioner's initial complaint lists defendants as Kysa Crusco, GAL; Philip Cross, of the NH Family Court; Derek Coburn c/o Attorney John Bisson; Salem Five Bank c/o Harmon Law Offices; and Harmon Law Offices. (See Complaint, Document 1 Filed 9/3/22). The only reference to County Attorney John Coughlin in the original complaint is Petitioner's statement that she had filed a motion for restraining in the Superior Court order naming, among others, Coughlin. (See Complaint, Document 1, Page 3 para.2, Filed 9/3/22). Plaintiff's Motion to Amend her complaint as it pertains to Coughlin alleges a general dissatisfaction with her requested investigations by the Hillsborough County Attorney's Office. She alleges the following specifically related to County Attorney Coughlin: a) that "the County AG" failed to obtain a forensic analysis of video taken in the lobby of the New Boston Police Department ("NBPD") that purports to provide evidence that domestic violence incidents were not properly investigated by NBPD,( Motion to Amend Para. 10); b) that Coughlin and Investigator Mark Putney failed to investigate Petitioner's claims of abuse by NBPD, New Boston Police Chief Brace, and Kysa Crusco, in her capacity as a Guardian Ad Litem ("GAL") (Motion to Amend at Para. 11); and c) that Petitioner was promised by the "Hillsborough County Assistant AG" that all of her "complaints would be investigated by Mark Putney and, that is not the case."

---

[1] Respondent reserves all additional factual and legal defenses that may be applicable to Petitioner's petition.
[2] Certain facts within this memorandum of law are drawn from Petitioner's petition and accompanying filings. See (ECF Doc. 1); (ECF Doc. 1-1.) Respondent's recitation of facts derived from Petitioner's filings do not constitute an admission any such factual allegations or an agreement as to their relevance.

(Motion to Amend, Para. 12). Petitioner also states Coughlin's wife was the Hillsborough County Register of Deeds when an alleged "first act" of real estate fraud involving her marital home occurred (Motion to Amend, Para. 12).

Petitioner has initiated and prosecuted cases against Coughlin (and other named parties) in the NH Superior Court requesting injunctive relief and damages prior to filing the instant complaint, see (Declaration of CMK, dated May 10, 2023, ¶ 3) (hereinafter "Kirby Decl. ¶ __"), which include the following:

a. Rochelle Pouget, Individually v. Derek Austin Coburn et al. Docket No. 216-2022-CV-0427 (N.H. Super. Ct., Hillsborough Cty. N.D.) (hereinafter "Pouget I").
b. Rochelle Pouget v. James Beard, Jr., et al. Docket No. 216-2023-CV-0218(N.H. Super. Ct., Hillsborough Cty. N.D.) (hereinafter "Pouget II").

Petitioner advised the NH Superior Court that she is a defendant in a criminal case pending before the NH Circuit Court.

## STANDARD OF REVIEW

Under the Rule 12(b)(6) standard, the court accepts the factual allegations in the petition as true and construes reasonable inferences in petitioner's favor. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71, 75 (1st Cir. 2014). The court may also consider facts susceptible to judicial notice, Rodríguez-Ramos v. Hernández-Gregorat, 685 F.3d 34, 37 (1st Cir. 2012), as well as any documents the authenticity of which is not disputed by the parties, official public records, documents central to petitioner's claims, or documents sufficiently referred to in the complaint, see Ironshore Specialty Ins. Co. v. United States, 871 F.3d 131, 135 (1st Cir. 2017). Dismissal is required if "the facts alleged in the complaint, taken as true, do not justify the exercise of subject matter jurisdiction." Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003).

## LEGAL ANALYSIS

A preliminary injunction is intended to be a provisional remedy that preserves the status quo. NH Dep't. of Envtl. Servs. v. Mottolo, 115 N.H. 57, 63, (2007).  A preliminary injunction "is an extraordinary and drastic remedy that is never awarded as of right." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Mass Coalition of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness, 649 F.2d 71, 76 n. 7 (1st Cir. 1981) (concluding that the authority of a judge to grant injunctive relief should be used "sparingly").  It is a discretionary equitable remedy. NH Dep't. of Envtl. Servs. v. Mottolo at 63.  To obtain a preliminary injunction, a plaintiff must prove a likelihood of success on the merits; immediate danger of irreparable harm; and no adequate remedy at law.  UniFirst Corp. v. City of Nashua, 130 N. H. 11, 13-14 (1987).   Petitioner must also demonstrate the "in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success – rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Pertorriqueno de Trabajadores, SEIU Local 1996 v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012 (per curian) citations omitted). "Irreparable harm most often exists where a party has no adequate remedy at law." Charlesbank Equity Fund II, Ltd P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). "Though each factor is important . . . the sine qua non of [the] four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Sindicato Pertorriqueno de Trabajadores, SEIU Local 1996, 699 F.3d at 10 (internal quotations omitted).

As noted above, Petitioner filed a petition for restraining order twice in the NH Superior Court. See generally (Docket No. 216-2022-CV-0427 -N.H. Super. Ct., Hillsborough Cty. N.D.) and Docket No. 216-2023-CV-0218-N.H. Super. Ct., Hillsborough Cty. N.D.).  The NH Superior Court dismissed the 2022 matter.  The NH Superior Court held a hearing on the 2023 petition and the parties await issuance of an order.  In the prior and pending Superior Court case Pouget requested injunctive relief to protect herself and her daughter from the named parties including Coughlin.   Her pleading contains no facts supporting a claim of immediate danger of irreparable harm to her or her daughter by the County Attorney.  Further, Petitioner's petition should be dismissed because the County Attorney is entitled to immunity and Petitioner has failed to state an actionable claim against the County Attorney.

**I.   The Court should dismiss Petitioner's petition because Petitioner has failed to state a claim for which injunctive relief can issue.**

The Petitioner cannot establish that she is likely to succeed on the merits with respect to her request for injunctive relief.  Despite the number of documents attached to her filing, Petitioner failed to plead sufficient facts that would support her request for a restraining order against the County Attorney, cite any legal basis for the relief she seeks or otherwise demonstrate that she is likely to succeed on the merits of such a request. The fact that the Petitioner is dissatisfied with the past actions and/or conduct of the County Attorney and his staff does not entitle her to the relief requested. The Petitioner cannot demonstrate that she is likely to succeed on the merits of her request for injunctive relief.[3]  Moreover, Petitioner cannot establish that the County Attorney poses an immediate threat of irreparable harm to Petitioner.  She offers no facts to support her

---

[3] To the extent that Petitioner seeks an order compelling certain named defendants to engage in an investigation or otherwise pursue criminal charges, Petitioner lacks standing to make such a claim. See Petition of Lath, 169 N.H. 616 (2017); see also White v. Foster, Case No. 2017-0358, 2018 WL 1724921, at *1 (March 8, 2018).

requested relief only her general dissatisfaction with the County Attorney's Office investigations. Finally, the balance of the equities does not favor Petitioner's request for a restraining order. In ruling on a motion to dismiss where injunctive relief is requested, the decision "necessarily depends upon the factual circumstances in each case" City of Keene v. Cleaveland, 167 N.H. at 742 (quotations omitted), and "require[es] the trial court to . . . balance the harm to each party if relief were granted." Kukene, 145 N.H. at 4 (2000).  Here, an order granting Petitioner's requested restraining order would have a significant, severe, and detrimental impact on the County Attorney and the public. Prohibiting the Hillsborough County Attorney from contact with the Petitioner and/or her daughter could impede his (and his staff's), ability to investigate and prosecute crimes associated with Petitioner and her daughter and would likewise restrain their ability to respond to any emergent situation that may arise in the future involving the Petitioner or her daughter. The potential harm to the County Attorney, the public and, potentially, the Petitioner outweighs any purported harm.  The balance of equities weighs in favor of denying Petitioner's request for a restraining order.  Because Petitioner fails to state a claim for injunctive relief against the County Attorney her request for a restraining order should be dismissed.

## II. Petitioner's complaint against the County Defendants is barred by various immunities.

Petitioner's complaint against Coughlin is brought against him in his capacity as the Hillsborough County Attorney. As a result, County Attorney Coughlin is entitled to official immunity, discretionary function immunity, and RSA 507-B immunity. See RSA 507-B:4, IV; Dichiara v. Sanborn Reg'l Sch. Dist., 165 N.H. 694 (2013); see Everitt v. General Elec. Co., 156 N.H. 202, 209–10 (2007) (discussing official immunity and discretionary function immunity).the

doctrine of prosecutorial immunity. The claim is also barred by the doctrine of prosecutorial immunity.

In New Hampshire, prosecutorial immunity functions much like judicial immunity in that "all judicial officers when acting on subjects within their jurisdiction, are exempted from civil prosecution for their acts." Belcher v. Paine, 136 N.H. 143, 147 (1992) (quoting Evans v. Foster, 1 N.H. 374, 377 (1819)). Thus, under the doctrine of prosecutorial immunity, "it is well settled that prosecutors are absolutely immune from suit for damages arising from initiating a prosecution and in presenting the State's case . . . provided that the conduct at issue is intimately associated with the judicial process[.]" Id. (internal citation and quotations omitted). Moreover, "the duties of a prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom[.]" Id.

Here, Petitioner's complaint against Coughlin falls squarely within the purview of prosecutorial immunity. Petitioner avers that Coughlin and/or his employee, Putney, failed to fully investigate her complaints including by failing to obtain a forensic analysis of video. Such decision making and conduct on the part of Coughlin is intimately associated with the judicial process. Accordingly, Petitioner's complaint against the County Attorney is barred by the doctrine of prosecutorial immunity. It is well settled that prosecutors enjoy absolute immunity for actions taken within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 422-23 (1976). It is equally well settled that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Id. at 431; see Burns v. Reed, 500 U.S. 478, 486 (1991); Guzman-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995). For absolute immunity to apply, the challenged conduct must be "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430; see Guzman-

Rivera, 55 F.3d at 29. Absolute immunity does not, however, shield a prosecutor's acts as an administrator or investigator, but is limited to her role as an advocate for the state. See, e.g., Guzman-Rivera, 55 F.3d at 29.

> Absolute prosecutorial immunity is necessary to protect the judicial process from "harassment by unfounded litigation [that] would cause a deflection of the prosecutor's energies from [her] public duties, and the possibility that [she] would shade [her] decisions instead of exercising the independence of judgment required by [her] public trust." Burns, 500 U.S. at 478 (citing Imbler, 424 U.S. at 423). The Supreme Court has acknowledged that "[absolute] immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." Imbler, 424 U.S. at 427.

Bryant v. Noether, et al., Civil No. 00-191-M, Opinion No. 2001 DNH 064 at *11-13 (D.N.H. March 30, 2001) (dismissing claims asserted against county attorney related to her initiation and prosecution of criminal charges versus the plaintiff). See also Appell v. Giaccone, et al., Civil No. CV-96-060-M, Order at p. 11 (D.N.H. 12/11/97), *reconsid. denied* (1/26/98) ("Plaintiff's [state law] claims against O'Connor based on his conduct as a prosecutor are barred by prosecutorial immunity. See Belcher v. Paine, 136 N.H. 137, 143-47 (1992)."); human v. Colarusso, Jr., et al., Civil No. 13-CV-296-SM 1/16/14, Opinion No. 2014 DNH 006 at *5  (D.N.H. Jan. 16, 2014).

Additionally Petitioner has failed to plead sufficient facts to overcome the statutory immunity afforded to each of the County Attorney. See RSA 507-B:4, IV ("If any claim is made or any civil action is commenced against a present or former employee, trustee, or official of a

governmental unit <u>seeking equitable relief</u> or claiming damages, the liability of said employee or official shall be governed by the same principles and provisions of law and shall be subject to the same limits as those which govern governmental unit liability, so long as said employee or official was acting within the scope of his or her office and reasonably believed in the legality of his or her actions." Again, the County Attorney is entitled to official immunity, discretionary function immunity, and RSA 507-B immunity. <u>See</u> RSA 507-B:4, IV; <u>Dichiara v. Sanborn Reg'l Sch. Dist.</u>, 165 N.H. 694 (2013); <u>see</u> <u>Everitt v. General Elec. Co.</u>, 156 N.H. 202, 209–10 (2007) (discussing official immunity and discretionary function immunity). The Petitioner has failed to offer sufficient facts that would overcome the application of the aforementioned immunities to this defendant. As a result, her complaint should be dismissed.

**Conclusion**:

Petitioners' success on the merits is unfounded and unsupported.  The balance of equities and the public interest both weigh against granting the relief requested.

WHEREFORE, respondent respectfully requests that this Honorable Court:

A.    Deny the Injunctive Relief Requested;

B.    Dismiss the Petition with prejudice; and

C.    Grant such further and other relief as the Court deems appropriate.

DATED: May 30, 2023

Respectfully submitted,

Hillsborough County

/s/Carolyn M. Kirby
By: Carolyn M. Kirby, Esquire
329 Mast Road
Goffstown, NH 03045
Tel. 603-627-5628

NH Bar # 7907
ckirby@hcnh.org


CERTIFICATION

    I hereby certify that a copy of the within Motion has been forwarded via electronic service to Rochelle Puget on this 30th day of May 2023.

                                            /s/Carolyn M. Kirby
                                            Carolyn M. Kirby, Esquire