**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| ROCHELLE POUGET, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **22-CV-00382-SM** |
| KYSA CRUSCO, et al, | ) | |
| Defendants | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS**

**INTRODUCTION**

Now come the Defendants Salem Five Bank ("Salem Five") and Harmon Law Offices a/k/a Francis Nolan Harmon Law Offices ("Harmon") and provide this memorandum of law in support of their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). This case represents the latest chapter in a series of confusing, multi-party lawsuits brought by Ms. Pouget against nearly every party she has encountered concerning a domestic dispute that resulted in the default, foreclosure and subsequent sale of her home.

During the pendency of this case, Ms. Pouget sought to enjoin the foreclosure and subsequently, to unwind the completed foreclosure sale; in two cases before the New Hampshire Superior Court. The Superior Court considered and rejected Ms. Pouget's challenges to the foreclosure in two well-crafted decisions dismissing such claims.

This case represents Ms. Pouget's third attempt to challenge the foreclosure. Any claims made in this action concerning the foreclosure are barred by collateral estoppel. Moreover, Ms. Pouget's complaint fails to plead her claims of fraud against Salem Five and Harmon with particularity as required by Fed.R.Civ.P. 9(b). Finally, as legal counsel to an adverse party, Harmon owes no duty, and has no liability, to Ms. Pouget. For these reasons, Salem Five and Harmon respectfully request that the Court dismiss Pouget's claims against them.

## RELEVANT FACTS AND TRAVEL

### A.  POUGET'S FIRST ATTEMPT TO CHALLENGE THE FORECLOSURE IN THE SUPERIOR COURT.

1.      On July 22, 2022, Rochelle Pouget ("Pouget") filed a Complaint for Restraining Order with the Hillsborough County, Northern District, Superior Court ("Superior Court"), bearing Docket No. 216-2022-CV-00427.   A true copy of this complaint and supporting affidavit are attached as **Exhibit A**.

2.      Pouget's Complaint requested that the Superior Court enjoin Salem Five's pending foreclosure sale of her home, pending an investigation into issues concerning her former spouse, with respect to the marital home.   *See* **Exhibit A** (final paragraph of Affidavit).[1]

3.      On October 17, 2022, the Superior Court entered an Order declining to enjoin the foreclosure and dismissing Pouget's claims against Salem Five, noting in relevant part:

> The complaint fails to make any allegations against Salem Five Bank and does not contain any allegations that undermine the bank's ability to foreclose on the property due to the default.   Significantly, the plaintiff admits in her complaint that she stopped making payments on the mortgage.

A copy of the Superior Court's Order is attached as **Exhibit B**.

4.       On December 27, 2022, the Superior Court entered a final Order dismissing the case.   Pouget did not appeal from the Superior Court's Order, and the Superior Court's docket report shows the case as "closed."   A copy of the Superior Court's docket report is attached as **Exhibit C**.

---

[1] For the sake of brevity, the attachments to Pouget's Complaint and affidavit are not included as exhibits to this motion.   Such documents are not necessary to the Court's determination of this motion.

### B.  POUGET'S SECOND ATTEMPT TO CHALLENGE THE FORECLOSURE IN THE SUPERIOR COURT.

5.      On November 11, 2022, Pouget filed a second Complaint for Restraining Order with the Superior Court, bearing Docket No. 216-2022-CV-00788 ("Second Complaint"). Her Second Complaint sought to reverse the completed foreclosure sale and named Harmon (but not Salem Five) as a Defendant.  A copy of this Complaint is attached as **Exhibit D**.

6.      On December 14, 2022, the Superior Court granted Harmon's motion to dismiss the claims against it.   In its decision, the Superior Court noted that:

> Foreclosure, however, is a matter of contract in this case. Plaintiff cites no legal basis for an obligation of a lender or his lawyer to postpone a foreclosure sale until its borrower might prevail in some forum to regain ownership rights. The lender has a right to foreclose under contract if the borrowers do not pay as required, which is not disputed in this case.
>
> Moreover, Plaintiff has alleged no legal duty owed by Harmon Law Office to her or her daughter, non-clients, nor has she set out any facts to support a tort. It appears the 2006 deed was published as the originating deed for the loan and accurately listed Coburn as her surname at the time. The Court does not find that she has established a likelihood of success on the merits. Nor has she alleged sufficient facts that would support a finding that the law firm would be directly liable to her in connection with its representation of Salem Five Bank.

A copy of the Superior Court's Order is attached as **Exhibit E**.

7.       The Court entered a judgment of dismissal of Pouget's second Complaint on January 17, 2023.   Pouget did not appeal the Superior Court's judgment, and the Court's docket report shows the case as "closed."   A copy of the Superior Court's docket report is attached as as **Exhibit F**.

### C.  POUGET BRINGS THIS CASE AS A FURTHER ATTEMPT TO CHALLENGE THE FORECLOSURE SALE.

8.      Pouget filed this action on September 23, 2022.

9.      Pouget's original complaint is a handwritten form summarizing her then-pending

actions before the New Hampshire State Courts, including the first case referenced

above.[2]  *See* Complaint, Document 1, Filed 9/3/22.

10.     On September 26, 2022, the Court entered an Order denying Pouget's motion for

an *ex parte* Temporary Restraining Order, in which she sought to enjoin the then-pending

foreclosure sale of her home.  *See* Order, Document 4, Filed 9/26/22.[3]

11.     On April 12, 2023, Pouget filed a motion to amend her complaint.  *See* Motion to

Amend, Document 8, Filed 4/12/23 ("First Motion to Amend").  With respect to Harmon

and Salem Five, her motion suggested that that:  1) after declining to refinance her

mortgage, Salem Five agreed to modify the mortgage but wrongfully referenced her

former name on the documents and required her prior spouse's estate to be party to the

modification (First Motion to Amend at ¶ 21-22); and that, during the pendency of her

litigation, Salem Five conducted a foreclosure auction and its attorney listed her name

incorrectly and referenced a disputed deed in the foreclosure publications  (First Motion

to Amend at ¶ 21-23).   In her request for relief, she asked the Court:

> That those who committed fraud with the Quit Claim Deed at Harmon Law, Salem
> Five and 20 Lincoln Drive LLC be required to either give me my marital residence
> back, free and clear of any debt owed, after the Quit Claim Deed is removed from
> the Hillsborough County Registry of Deeds and returned to the Goffstown
> Courthouse where it should have gone after Patricia A. Murphy retired, or pay
> $1,000,000.00 for committing fraud against me and causing my minor child and
> me a horrendous amount of emotional trauma.

(First Motion to Amend at ¶ I).

12.     The Court granted Pouget's first motion to amend on April 13, 2023.

---

[2] Pouget failed to sign her original complaint, pursuant to Fed.R.Civ.P. 11.

[3] The Court's Order noted that Pouget's claims may be barred by collateral estoppel, and that the doctrine
of abstention may be appropriate due to Pouget's first lawsuit that had been pending in the Superior Court.

13.     On April 13, 2023, Pouget filed a second motion to amend her complaint seeking

to add a number of new defendants, including 'Francis Nolan Harmon Law Offices.'[4]

*See* (Second) Motion to Amend, Document 9, Filed 4/13/23.

14.     The Court granted Pouget's (Second) motion to amend on April 24, 2023.

15.     On May 16, 2023, Pouget filed a document purporting to be a Return of Service

concerning Salem Five and Harmon.   This filing consists of summonses and a receipt

from the New Hampshire Secretary of State's Office.   This filing provides no evidence of

that service had been made upon Salem Five or Harmon.[5]  *See* Return of Service,

Document 21, Filed 5/16/23.

**ARGUMENT**

**I.     LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the Court to dismiss

a case for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P.

12(b)(6).  The Plaintiff's complaint must contain a "short and plain statement of facts

showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). While the pleading

standard in Rule 8 does not require "detailed factual allegations", it must be "more than

an unadorned, the – defendant – lawfully – harmed - me accusation." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

To survive a motion to dismiss, the complaint must allege a "plausible entitlement to

---

[4] Harmon Law Offices, P.C. is a professional corporation headquartered in Newton, Massachusetts and the correct legal name of the entity in dispute.   There is no entity known as "Francis Nolan Harmon Law Offices."   Francis Nolan is an attorney employed by Harmon.   Upon information and belief, Attorney Nolan has not been joined as a party to this case.   To the extent that Attorney Nolan may have been joined, the case should be dismissed against him for the same reasons set forth in this memorandum.

[5] Salem Five and Harmon have no record of being served with Ms. Pouget's Complaint and contend that proper service has not been made upon them.   The parties' undersigned counsel discovered Pouget's return of service only after reviewing the Court's docket after receiving copies of motions to dismiss filed by other defendants.

relief" <u>ACN Fin. Guar. Corp. v. Advest, Inc.</u>, 512 F.3d 46, 58 (1st Cir. 2008) *citing*

<u>Twombly</u>, *supra*.  While the court must accept all factual allegations in the complaint as

true and construe all reasonable inferences in the plaintiff's favor. <u>Watterson v. Page</u>, 987

F.2d 1, 3 (1st Cir. 1993), this tenet is inapplicable to legal conclusions and "threadbare

recitals of the elements of a cause of action." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In addition to the complaint, a Court reviewing a motion to dismiss under Rule

12(b)(6), may consider facts susceptible to judicial notice.  <u>Rodríguez-Ramos v.</u>

<u>Hernández-Gregorat</u>, 685 F.3d 34, 37 (1st Cir. 2012).   The Court may also consider

"documents the authenticity of which is not disputed by the parties, official public

records, documents central to petitioner's claims, or documents sufficiently referred to in

the complaint." <u>Waterson v. Page</u>, 987 F.2d. 1, 3 (1st Cir. 1993) (citations omitted).

## II. POUGET'S CLAIMS AGAINST SALEM FIVE AND HARMON ARE BARRED BY COLLATERAL ESTOPPEL.

"The doctrine of issue preclusion, also referred to as collateral estoppel, bars the

relitigation of issues determined in prior court actions." <u>Gray v. Tacason</u> (<u>In re Tacason</u>),

537 B.R. 41, 50 (B.A.P. 1st Cir. 2015) (citations omitted).  " Issue preclusion bars the

relitigation of factual or legal disputes decided in earlier litigation." <u>Grella v.Salem Five</u>

<u>Cent Savings Bank</u>, 42 F.3d 26, 30 (1st Cir. 1994).   The essential elements of issue

preclusion are: "(1) the issue sought to be precluded must be the same as that involved

in the prior action; (2) the issue must have been actually litigated; (3) the issue must

have been determined by a valid and binding final judgment; and (4) the determination

of the issue must have been essential to the judgment."  <u>Id.</u> (citations omitted).

Pouget's claims against Salem Five and Harmon satisfy the four elements and

are barred by the doctrine of collateral estoppel.  Although Pouget's amended Complaint

is very confusing, her claims against Salem Five and Harmon each concern the validity

6

of the foreclosure and subsequent sale of her home.  The validity of the foreclosure and resulting sale were considered and determined in two previous cases brought by Pouget before the New Hampshire Superior Court.  The foreclosure was actually litigated in both cases and became the subject of two well-crafted decisions, declining to enjoin or unwind the foreclosure.  Specifically, Pouget's arguments concerning the use of her former last name and references to a previous deed in the foreclosure notice, were considered and rejected by the Superior Court.  The Superior Court's Orders dismissing both cases represent final judgments on the merits.  Finally, it is clear from the Superior Court's decisions that it considered Pouget's challenges to the foreclosure, and that such challenges represented essential elements of the Court's Orders.

Pouget has been afforded a full and fair opportunity to litigate the foreclosure and sale of her home in two previous actions.   Having attempted to do so and failed, Pouget may not seek another bite at the proverbial apple and attempt to relitigate her claims in this Court.   As her challenges to the foreclosure are barred by collateral estoppel, Salem Five and Harmon respectfully request that Pouget's claims against them be dismissed.

### III.   POUGET'S COMPLAINT FAILS TO ARTICULATE ANY SPECIFIC CLAIMS OF FRAUD AGAINST SALEM FIVE OR HARMON.

The plaintiff's complaint is extremely difficult to decipher.   It contains a myriad of seemingly unrelated claims against a large number of parties.   In her first amendment to the Complaint, Pouget makes several general accusations of fraud against Salem Five and Harmon concerning the foreclosure sale of her home.

The Federal Rules of Civil Procedure require that claims of fraud be pleaded with particularly.  *See* Fed.R.Civ.P. 9(b).  In New Hampshire, "[t]he essence of fraud is a

fraudulent misrepresentation." <u>Jay Edwards, Inc. v. Baker</u>, 130 N.H. 41, 46 (1987).   "[I]n
order to withstand a motion to dismiss, the plaintiff must specify the essential details of
the fraud, and specifically allege the facts of the defendant's fraudulent actions.... It is not
sufficient for the plaintiff merely to allege fraud in general terms." <u>Id.</u> *quoting* <u>Proctor v.
Bank of N.H.</u>, 123 N.H. 395, 399, (1983).   Pouget's first amendment to her complaint
makes several general allegations of fraud, but fails to identify any specific
misrepresentations made by Salem Five or Harmon.   Because Pouget's claims of fraud
are pleaded generally and fail to allege any specific misrepresentation(s), they should be
dismissed.

### IV. HARMON OWES NO DUTY TO POUGET THAT COULD RESULT IN CLAIMS AGAINST IT.

As legal counsel to Salem Five, Harmon owes no "duty of care to a non-client
whose interests are adverse to those of the client." <u>MacMillan v. Scheffy</u>, 147 N.H.
362, 365 (2001).   The Plaintiff's own pleadings confirm that Harmon represented her
mortgage lender in foreclosure proceedings.   Her complaint makes no allegation that
Harmon ever represented her or entered into a contract or business relationship with her
that could serve as some independent basis for liability.   As Harmon represented
Pouget's adversary, it owes her no duty, and has no liability to her for the discharge of
its professional duties in carrying out the foreclosure.   As such, Pouget's claims against
Harmon should be dismissed.

Respectfully submitted,
**SALEM FIVE BANK and HARMON LAW**
**OFFICES A/K/A FRANCIS NOLAN**
**HARMON LAW OFFICES**
By their Attorney,

*/s Thomas J. Santolucito*
Thomas J. Santolucito, Esq.
NH Bar ID# 15166
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Direct:  (617) 558-8437
Fax:     (617) 244-7304
tsantolucito@harmonlaw.com

Dated: May 6, 2023

## CERTIFICATION

I, Thomas J. Santolucito, hereby certify that on this 6th day of June 2023, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.   I also certify that a paper copy will also be sent to the following:

Rochelle Pouget
20 Lincoln Dr
New Boston, NH 03070

*/s/ Thomas J. Santolucito*
Thomas J. Santolucito, Esq.
