# Exhibit A

**Filed**
File Date: 7/22/2022 11:53 AM
Hillsborough Superior Court Northern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: Hillsborough - Superior Court-Northern District

Case Name: Rochelle Pouget, et al. v. Derek Austin Coburn

Case Number: 216-2022-CV-00427
(if known)

## COMPLAINT FOR RESTRAINING ORDER

1. Plaintiff's Name(s) Rochelle Pouget, AKA Rocky

   Residence Address 20 Lincoln Drive, New Boston, NH 03070

   Mailing Address (if different)

   Telephone Number (Home) (603) 213-1741    (Mobile)

   [See Attachment(s), item 'Additional Plaintiff(s)']

2. Defendant's Name(s) Derek Austin Coburn

   Residence Address ?, Burbank, CA 91501

   Mailing Address (if different) 722 Chestnut St., Manchester, NH 03104

3. What is your relationship to the defendant? Self

   (Examples: neighbor, co-worker, roommate, acquaintance, etc.)

In the space below, describe what happened to you and the reasons why you are requesting that the Court issue a restraining order against the defendant. Use a separate paragraph for each allegation. Be specific - include names, dates and places, etc.

4. First thing that happened (in one sentence):

   My now deceased husband emotionally, financially, and physically abused my daughter and me and it was not investigated and protocols outlined in the state of NH for DV were ignored. It is strongly believe my husband suffered from antisocial personality disorder. His credibility was never checked.

5. Second thing that happened (in one sentence):

   He lied to the police, GAL, his attorney, and under oath about himself, and went on a campaign to destroy me and succeed with help from the police, GAL Kysa Crusco, and his attorney now retired Patricia Murphy.

6. Third thing that happened (in one sentence):

   The quitclaim deed that I signed under duress with defect counsel, was given back to my husband immediately after our divorce when it was court ordered to be held in escrow for 3 years or until he could refi or sell it. His attorney's name was crossed out and it was recorded in his name fraudulently.

Continue on using separately numbered paragraphs (attach additional sheets if necessary).

This is a Service Document For Case: 216-2022-CV-00427
Hillsborough Superior Court Northern District
8/1/2022 1:57 PM

TurboCourt.com Form Set #7025602

Case Name: Rochelle Pouget, et al. v. Derek Austin Coburn

Case Number: _____

## COMPLAINT FOR RESTRAINING ORDER

For the reasons stated in this Complaint, I request that the Court issue the following orders:

A. Describe the orders you want the Court to make:

1. ☒ Restrain the defendant from threatening, harassing or intimidating me, or interfering with my liberty.

2. ☒ Restrain the defendant from having any contact with me, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, texting, social media, e-mail, the sending or delivery of gifts or any other method, unless specifically authorized by the court.

3. ☒ Restrain the defendant from appearing in proximity to my residence, place of employment or school, or appearing at any other place where I may be.

4. ☒ Restrain the defendant from entering in or on the premises (including curtilage) where I reside, except with a peace officer for the purpose of removing defendant's personal possessions.

5. ☒ Restrain the defendant from taking, converting or damaging property in which I have a legal or equitable interest.

6. ☒ Ex Parte Motion. See attached.

7. ☒ Other relief:

I request relief in the form of protection for my daughter and me by granting this restraining order, so I can have an evidentiary hearing.

_____

_____

_____

B. All other relief the Court deems fair and just.

| | |
|---|---|
| Rochelle Pouget, AKA Rocky | /s/ Rochelle Pouget          7/22/22 |
| Name of Filer | Signature of Filer          Date |
| | (603) 213-1741 |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| 20 Lincoln Drive | teacher88r@gmail.com |
| Address | E-mail |
| New Boston, NH 03070 | |
| City          State          Zip code | |

TurboCourt.com Form Set #7025802

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: Hillsborough - Superior Court-Northern District

Case Name: Rochelle Pouget, et al. v. Derek Austin Coburn

Case Number:
(if known)

Signature page for: **COMPLAINT FOR RESTRAINING ORDER**          (document)

| | |
|---|---|
| Danielle Coburn | */s/ Rochelle Pouget on behalf of Danielle Coburn*          7/22/22 |
| Name of Filer | Signature of Filer                                   Date |
| | (603) 213-1741 |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| 20 Lincoln Drive | teacher88r@gmail.com |
| Address | E-mail |
| New Boston, NH 03070 | |
| City          State          Zip code | |

--------------------------------------------------------------------

| | |
|---|---|
| Name of Filer | Signature of Filer                                   Date |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| Address | E-mail |
| City          State          Zip code | |

--------------------------------------------------------------------

| | |
|---|---|
| Name of Filer | Signature of Filer                                   Date |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| Address | E-mail |
| City          State          Zip code | |

--------------------------------------------------------------------

| | |
|---|---|
| Name of Filer | Signature of Filer                                   Date |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| Address | E-mail |
| City          State          Zip code | |

*TurboCourt.com Form Set #7025802*

Attachment Page _1_ (of _1_ )

To Complaint for Restraining Order

---

**Additional Plaintiff(s)**

Plaintiff #2

Name: Danielle Coburn

Representative: Rochelle Pouget

Residence Address:  20 Lincoln Drive, New Boston, NH 03070

Telephone Number (Home): (603) 213-1741

**Additional Claim Details**

7. I reported everything and John Coughlin County AG refuses to have it investigated. My step-son is trying to evict my daughter who is a minor, so he can sell the house for profit. He has never lived in NH and has never paid money towards the mortgage other than one payment from the Estate after his father died.

8. I have a ten page affidavit that explains everything that I am including.

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

TurboCourt.com Form Set #7025602

Filed
File Date: 7/22/2022 11:53 AM
Hillsborough Superior Court Northern District
E-Filed Document

216-2022-CV-00427

Affidavit of Rochelle Pouget

I, Rochelle Pouget, of 20 Lincoln Drive, New Boston, NH would like the following information to be included in my formal request for multiple restraining orders.

In July of 2012, I filed for a divorce from my husband James Reid Coburn, who was 16 years older than me. During the course of our marriage, I endured extreme emotional and financial abuse. After I filed for divorce, I was physically assaulted multiple times on multiple occasions. My daughter was physically assaulted by her father as well.

My child was sexually molested by another child, while in my husband's care, over a 6-month period. Both molestation incidents were verified to have occurred as reported. Both children were interviewed at the CAC and by DCYF investigators. The children were 5 & 6 and I strongly felt the child who was molesting my daughter, could be acting out something she was exposed to. I was molested as a child. My father just served a 6 year sentence for lewd & lascivious acts and having child pornographic material on his computer. I know the signs of child abuse, especially sexual abuse. My father is 84 and started preying on little girls in 1964 and did not get caught until 2015. I was born in 1969. I am a retired teacher. I know what to report and how to report inappropriate sexualized behaviors, because I was a mandated reporter. I reported my own father and helped detectives put him in jail.

In November of 2012, I called 911 after my husband physically assaulted me during an extreme mental health crisis he was going through. I reported everything accurately. My husband did not. Sgt. Aiken was the officer who showed up from the New Boston Police Department. I was told he is no longer in law enforcement. Sgt. Aiken failed to open a domestic violence investigation when allegations of financial abuse, emotional abuse, and physical abuse were reported accurately. He was very rude to me and made several inappropriate comments to me. Sgt. Aiken chose to believe my husband over me, despite the fact that I had a physical injury and my husband did not. He took pictures of my injury and wrote about them in his report, but left the pictures out of his report until I questioned him about them approximately one year later. My husband had a long history of alcohol and drug abuse, financial abuse, and emotional abuse, and lying for personal gain. I have no history of addiction of any kind. I did not have any negative marks in my personnel files between 1987-2005 when I was employed in the private sector. I did not have any negative marks in my personnel file from 2006 – 2020 when I was a teacher in NH. My husband had many. Sgt. Aiken did not contact anyone in my husband's family or my family to check our credibility. I reported my husband's recent mental health crisis, his deceptive and manipulative behaviors, embellishments, and financial fraud, which occurred over decades in CA and NH, and that my husband had an extremely high IQ and I had concerns he had Anti-Social Personality Disorder. Nobody to date nobody in law enforcement, has ever contacted his family or friends, to verify his decades long history of abuse, and mental health issues. The first GAL did not either. Neither did the Parenting Coordinator, the Goffstown Police Department, The Hillsborough County Sheriff's office, DCYF, the CAC, The County Attorney's office, or the Attorney General's office. Governor Sununu has been copied on pretty much everything in my case.


Page 1 of 10

In January of 2013, my husband called the police because I accidentally broke a lamp while vacuuming and he felt I did it intentionally. We had argued earlier that morning but I had already gone to have dental work done and returned and we weren't speaking after I returned. My husband was upstairs when the lamp broke downstairs. After my husband was not arrested for the first assault and had convinced Sgt. Aiken to turn the entire assault around on me, I was afraid to tell Officer Masella my husband had assaulted me again after I broke the lamp. My husband was trying to get back at me for reporting the physical assault in Nov. I was successful in getting a restraining order in November 2012, but was coerced to drop it by my attorney. That was the biggest mistake of my life. When asked if my husband assaulted me in January, I lawyered up, and Sgt. Masella got angry. I went into the NBPD the following day to report everything to the Chief of Police. I repoted that my husband in fact assaulted me as I was trying to protect my financial information and SS number from him because he had written everything down and was not an authorized user on my accounts, and had previous fraudulently used a Discover Card check and had written himself a check for $3,000.00. As he was trying to grab the information out of my hands, I hung on tight and ended up getting into a tug of war with him and then got shoved into our coffee table, which caused a large bruise on my thigh. I did not know I had a bruise at the time of the assault. I noticed it in the shower the following morning. In addition, my husband assaulted me as I was getting into bed by aggressively ripping the covers off of me and by hitting me in the face with his fist in the process. My adult son was home at the time. He called my mother and my husband backed off. Everything was discussed in Chief Brace's office. My husband told Chief Brace he accidently assaulted me in both incidents. My husband went to a hotel with my daughter that night because he thought I was going to press charges, but I didn't want to at that time because I was afraid. Chief Brace told me to keep in mind, he could arrest me for lying to Sgt. Masella the previous day for not reporting that my husband assaulted me. That is why I did not press charges against my husband for assaulting him. I was very intimidated and afraid that three law enforcement officers were accepting my husband's "stories" over my truths. The abuse continued and got much worse.

In February and March of 2013 there were more domestic violence incidents. My husband cut off the heat to the downstairs by removing the thermostat because I left it on one morning. It was 53 in the kitchen and living room. My husband cut me off of our marital income and I was temporary unemployed and in college full-time. My husband was refusing to fix the washer after taking it apart and leaving it open at the bottom, causing a shock risk to the pets and our child. My husband worked from home and didn't need to do laundry as much as I did, so it was not a concern to him. I had no money to buy a new washer or get it repaired after being cut off when my husband changed his direct deposit to a private account. The worst incident occurred when my husband lost his temper with our daughter when she had an upper respiratory infection. He was trying to force medicine down her throat instead of allowing her to hold the spoon and making threats that she would have to get a shot at the doctors if she didn't take it. She started screaming for me but we had separate locations we could use in our home per our interim agreement and it was my husband's night with our daughter. After the screaming went on for a prolonged period of time, I went to a mutual area to see what was going on. My daughter jumped off the bed when she saw me and started running towards me. My husband caught her, she fell to the ground kicking and screaming, he picked her up and violently threw her on the bed and then proceed to use his body to hold her down. He pinned her legs down on the bed by leaning against them with his body and he was trying to hold her arms down. At one point, he choked her with his arm, inadvertently, and he had popped me in the face with his elbow when I tried to get him off of her. I went behind him to try to pull him off her. He was too strong.

Page 2 of 10

I grabbed the back of his hair with both hands and yanked as hard as I could to get him to let go. It worked and he was stunned. I had never assaulted him before and was only trying to get him to stop harming our daughter as I felt she was in immediate danger. After I pulled his hair, our daughter jumped into my arms. I tried to get away with her and my husband shoved me into our dresser, but I held on tight and ran with my daughter in my arms down the hall and down the stairs and called 911. My husband called 911 too. I was on the phone the entire time with 911, approximately 20 minutes for NBPD to arrive. The 911 operator overheard my daughter say she felt like her father was choking her. The 911 operator sent an ambulance to have my daughter checked out. Two NBPD officers showed up. One rookie female officer with no experience interviewing children, and Sgt. Widener, whose wife was the NBPD administrator at the time. Widener interviewed my husband, who lied. Officer Jennifer Watson, interviewed my daughter and me. We both reported everything accurately. Watson conversed with Widener who had called Chief Brace during the incident. Chief Brace ordered Widener to arrest me for assaulting my husband by pulling his hair and my husband was not arrested for jabbing me in the face with his elbow or physically assaulting our daughter.

I had to hire a defense attorney and I had already borrowed money to pay my divorce attorney. The case against me was nolle processed after a year of "good behavior". I had it expunged too. I was supposed to be working as a teacher, but couldn't find employment as a teacher with an arrest on my record, so I had to wait for it to be expunged and took a major hit financially.

In July of 2013, a GAL was assigned to our case and I was so excited that an independent investigation was going to take place. GAL/Attorney Kysa Crusco was assigned to our case. She did not investigate our case properly. She did not investigate issues that were brought to her attention by me when my daughter reported that kids her father was suddenly watching during the day for his new girlfriend, while he was working, were harming her and scaring her.

In October 2013, Kysa received GAL Questionnaires from my husband and me. My husband reported he was seeing a psychiatrist for depression and he was medicated. Kysa Crusco not only hid that information from the courts during her time as our GAL, she also hid it from DCYF, and the court appointed psychologist, who performed our psychological exams. The psychologist now lives in another state and conveniently destroyed our files a year early when I requested my file back to have my counselor (also a psychological examiner) review her findings and summaries. When I requested the file originally, she informed me she had to keep them for 7 years. When the 7th year was approaching, I reminded her I wanted my files back, and she told me it was past the 7 years and she destroyed them. When I told her she was off by a year, she could have cared less.

In February of 2014, I reported the child to child sexual behavior to DCYF and again, it was fully verified. Kysa informed the Chief of Police she felt I was lying. He had already bought my husband's "stories" hook line and sinker, because he had never checked his credibility. I asked him to contact my husband's own family to verify my husband's long history of lying for personal gain and emotional abuse, but he refused. DCYF did not find my husband was neglectful in the molestation incident as he stated he was unaware of it. The children were allowed to resume normal play again at his house for an additional 6 months, without Kysa putting in any provisions for my daughter's safety. She did not require that my daughter be directly supervised while playing with the other child, so the abuse continued.

In August of 2014, I reported a 2nd inappropriate sexualized incident to DCYF involving the children. The first incident involved the child inserting her fingers into my daughter's vagina and telling my daughter to pretend people and animals were poking her there. The two were undressed under a gateleg table in the kitchen when this occurred. The child also told my child that a boy had kissed her in her privates in the bathroom.

Page 3 of 10

In the 2nd incident the child stuck her tongue in my child's mouth when she told my daughter she needed to be the boy during a role playing game and she kissed my daughter with an open mouth and tongue. I reported everything to Kysa Crusco's office clerk when it happened and told her I did not feel safe returning our daughter to her father without a guarantee that he would provide direct supervision while they played. Kysa refused to call me back, and called her clerk to inform her that she wouldn't call me back and I was to follow the court order. I called the police to assist instead and they got the guarantee. I returned my daughter to her father at the Goffstown Police Department approximately 30 minutes after the schedule transfer time. The following day as I was at work, Kysa contacted my daughter's therapist. I had already contacted him and made an appointment for him to see my daughter. He instructed me to contact DCYF the previous day if I felt the sexualized behavior was an issue because he couldn't get my daughter in for a week. I had a medical release on file at Dr. Taracena's office that stated Kysa could not discuss anything with him without my attorney or me present. He chose to speak to Kysa anyway. I informed Kysa she did not have permission to speak to Dr. Taracena in an email. I had to let my attorney go, shortly before the 2nd sexual contact incident, as I could no longer afford an attorney. I had already paid my defense attorney fees and my divorce attorney fees, had all my evidence ready for a 4-day hearing in October. My husband had his income, 401k, and $90k pension from Teradyne he cashed out in August 2012 after I filed for divorce, to use against me in the divorce/custody case. I was not receiving any child support the entire time I was going through my divorce.

In order to help my husband and his attorney win their case against me, Kysa colluded with them to fraudulently remove my parental rights for reporting the 2nd incident to DCYF. They all put false information in their sworn affidavits and Kysa informed the judge that she had not had a chance to speak to my daughter's therapist, manipulated her wording to make it appear the first sexual incident with the fingers in the vagina didn't occur, and that I was jumping from agency to agency to get "what I wanted" by informing the judge it was marked unfounded. For the record, unfounded, doesn't mean my child wasn't molested. It was unfounded for neglect. They filed an emergency ex-parte Motion to remove my parental rights for keeping my daughter an additional 30 minutes past my scheduled time when we were dealing with the Goffstown Police after she refused to assist with a 2nd molestation incident. My daughter was with her father at the time of the filing, so there was no emergency. To make matters worse, I was not notified by Kysa at all that she was filing an emergency ex-parte Motion to remove my parental rights. I was informed in an email only by my husband's attorney and did not see the email as I was teaching. By the time I saw the email and raced to the courthouse, they had already successfully gotten Marital Master Philip Cross to grant it. I was informed at the courthouse that my parental rights were stripped and when I realized how they did it, I was heartbroken for my daughter and furious that my Constitutional Right to protect my daughter had been violated so diabolically.

Prior to the 2nd incident, the first incident had been reported to an ER doctor when I took my daughter there after she reported her vagina was hurting and it was inflamed. The ER doctor failed to report it to DCYF. I set up an appointment for in intake counselor to see my daughter prior to the first incident because my daughter didn't have a counselor at the time. My husband refused to go to the meeting to sign the release for the therapist to speak directly to my daughter, so the therapist contacted DCYF to report the sexual contact. Kysa colluded with Chief Brace and came up with a plan to have me arrested for false reporting, in writing, but it backfired when the two children's separate interviews with the CAC and DCYF verified I reported accurate information. My husband stalled signing a release for my daughter to start counseling with someone the Manchester Counseling Center recommended, and only signed a release for Dr. Taracena to see our child, because Dr. Taracena had seen us twice for marriage counseling, and he felt Dr. Taracena could be persuaded to believe him over me.

After my rights were temporarily removed, I tried to fight it without an attorney at the hearing 7 or 8 days later. I didn't have money for an attorney. Philip Cross "conveniently" failed to show for the hearing, so a different woman took over. I think she was a marital master too. She had previous dealings with Kysa and informed me at the start of the hearing, but I was desperate to get my daughter back and allowed her to continue. Kysa had to admit she spoke to my daughter's counselor during the hearing, but she didn't inform the judge that it was the same day she filed for the emergency restraining order. She tried to make it appear as though she contacted him after it was granted. When questioned on when she spoke to him, she said a few days ago and was not specific. It had been 7 or 8 days, not a few. She did that because she knew she did not have a medical release to speak to Dr. Taracena, and she had lied to the judge to remove my rights fraudulently, and she didn't' want to get caught. The ethical violations alone in my case are horrendous.

Having now spent every penny I had on housing and attorney fees, even cashing out my 401k from working at Teradyne, where I met my husband, I had to borrow $25k to get two new attorneys on board to get my daughter back. I wanted them to fight hard to get her back during the 4 day hearing in early October. They coerced me to mediate instead. In mediation, the allowed my husband's attorney to put a clause in there that stated my husband did not have to sell or refinance our home if I filed bankruptcy. I had no intention of filing bankruptcy, and felt pressured to give up my home because I was a teacher making very little, and new my husband would not pay child support or alimony regularly, because he made me agree to a 6 month phased in parenting plan with a new counselor that was picked by his attorney, and I had to get the counselor to agree I was fit to parent my child, as my emotional stability was in question for keeping her from her father for 30 minutes to get the police to get him to agree to direct supervision of our child while playing with the child who was molesting her for 6 months, and during an active DCYF investigation. You can't make this up!!!

My attorneys wrapped up our case in less than a month by coercing/bullying me to mediate, and they mediated for two days with a parenting coordinator. I didn't even get a bed in mediation, settled for far less in alimony and child support than I deserved, and felt I had no choice, but to sign a quit claim. The quit claim was court ordered to be held in escrow by my husband's attorney Patrica Murphy for 3 years allowing my husband time to refinance or sell the home. He knew he was overextended, didn't have a job, because he suddenly started his own business to hide his income after he was laid off from NetApp where he was making approximately $300k a year for a few years. Suddenly, he could make very little money. He never attempted to sell the property for 3 years, and I had to take him back to court myself for contempt for that and for not paying child support or alimony, surprise surprise. In addition, he had caused such grief with the parenting plan and transportation games, that I petitioned for a 2nd GAL. The parenting coordinator was on board for a year prior to that because I refused to mediate if GAL Kysa Crusco was involved, so she had to step down. The parent coordinator called a meeting for my husband and I to attend and my husband refused. He was furious that my new counselor that his attorney recommend (Doug Johnson from the Greenhouse Group), wrote two wonderful letters on my behalf, that he thew the letter back at me across the table, after the Parenting Coordinator, Jim Ogorchock showed it to him. He knew right then and there he would have to start paying child support, I would get my daughter back 50/50, and he was furious. After two or three Motions from the parenting coordinator, I was on my own again, because my divorce attorneys refused to help me.

In addition to all that, my husband immediately stopped making the mortgage payments right after the divorce was finalized to destroy my credit and force me into bankruptcy. Unbeknownst to me at the time, his attorney gave him back the quit claim immediately after the divorce was finalized, instead of keeping in escrow per the court order to protect me. After the false sworn affidavits in the emergency ex-parte to remove my rights, I was on my own again. I petitioned or a new GAL and it was granted by judge Dalpra. Prior to all this, and I failed to mention this earlier, I tried to get a 2nd restraining order against my husband when judge Moore was the judge on our case. The NBPD had tampered with their lobby surveillance system to edit

Page 5 of 10

conversations between Sgt. Aiken and me that would prove Sgt. Aiken was obstructing justice for failing to put pictures of my injuries in his police reports. The edits in the videos were not consistent and there were both audio and video edits lasting anywhere from 20 seconds to a minute. They were so obviously edited, I had them sent out for two forensic examinations, and paid $3k. Both concluded they were edited and the edits appeared to be suspicious. I repoted everything to the AG, and unfortunately Dick Tracy failed to have them forensically examined. He stated he couldn't find a "logical" reason as to why Chief Brace and/or Sgt. Aiken would do such a thing. He didn't contact the manufacturer of the surveillance system to have them examine them. He flat out refused to have the DOJ forensically examine them, despite knowledge that Chief Brace had two female police officers sue him after he fired them and received $235k in settlements. Paul Moore dismissed the restraining oder that had been temporarily granted against my husband, despite hearing that my daughter reported that she had been assaulted by her father, three times, and that her father hit me, and that I did not hit him. He was claiming I punched him in the face when I was trying to get him off of her, which was yet another lie. My husband had a 6-year affair during his 2nd marriage, and was married and dating that woman when he started dating me. I had no idea he was married or that he had been having an affair with a coworker of ours, who had just been laid off. My husband was in a meeting shortly after he started dating me, where I was eventually laid off, and he did not tell anyone he was dating me and didn't tell me he was in the meeting until I was laid off. My husband told us we needed to move to NH from CA where my entire support system was because he was getting transferred. In reality, he asked for the transfer because he was so overextended in CA, and unbeknownst to me, because he controlled our finances. Again, he was 16 years older than me. Paul Moore was eventually disbarred for disingenuous behavior when he submitted a bunch of positive reviews about himself in order to look good, because he wanted to run for Supreme Court.

After the 2nd restraining order was dismissed, I filed a third one when my husband started dating a woman who was very depressed and had admitted she was in fear of her ex-husband. She and my husband were posting pictures of my daughter all over their social media sites like FB and Meetup.com and in a couple of them my daughter was in a bathing suit. I asked them to take the pictures down as I was concerned my father would get a hold of them and use them inappropriately. When Attorney Murphy and Attorney Stodolski appeared in court, my husband asked for a protective order against me, but no protective order was issued. Instead, the judge dropped the restraining order against him, and wrote very disparaging comments about me based on hearsay from my husband and his attorney, who informed him that a previous restraining order had been dismissed, and coerced him into thinking I was jumping around to get my way. He violated my daughter's Constitutional Right to protection by stating I had to get my attorneys approval before I could file any more restraining orders and specifying who the judges were that needed to review any such order for protection, before it could be granted. This is after the first restraining order was dropped in Nov 2012, at the advice of my attorney. Again, that was the biggest mistake of my life and came back to haunt me and my daughter because when her father refused to agree to provide direct supervision while the children played after the 2nd molestation incident, I went to the court house to get a restraining order but I ran out of time and I didn't have a copy of the judges letter stating who the judges needed to be, which he required of me in his final decision. The next day is when they removed my rights and I believe it was the court clerk Gloria who notified Patricia Murphy and/or Kysa Crusco that was in there and almost filed a restraining order but ran out of time and didn't have the letter. Gloria has been rude to me several times and tried to prevent me from speaking before the judge was in the courtroom and we were not in session, because she didn't' like the fact that I was talking to someone in the courtroom about issues Marital Master had with an impeachment, that I had just learned about. I strongly believe all these people have major ethical issues and break the rules all the time for their friends.

After Dick Tracy blew off my complaints about Chief Brace and Kysa, Lisa Woleford did the same thing and both were extremely rude to me. I reported Kysa's actions to the GAL board and they dismissed my complaint, despite hundreds of pages of hard evidence and a previous GAL complaint was dismissed against Kysa that Kim Ostlund wrote up after Kysa removed her parental rights temporarily. I tried to get a copy of Kysa's GAL report during our divorce and she blocked it with a court order and failed to notify my attorney or me about the hearing. I paid $100 for the report. She sent the money back. She had the judge allow my attorney to go to her office to review her report only. I did not get a copy until my divorce was settled in mediation because my attorneys didn't get it from her or contact the counselor before they coerced me into mediation. When I received her report, I found out she did not contact anyone in my husband's family or any of his friends to verify his long history of financial and emotional abuse. The physical stuff was only at the end, he wasn't a violent man, he was just losing his mind. She sent out 5 questionnaires to my family and friends. The thing that bother's me most though, is that she was the only one other than my husband's attorney who knew my husband was being treated for a serious mental health issue. He was diagnosed with Major Depressive Disorder and was being treated by Dr. Tomb at the Counseling Center of Nashua. When my attorney requested all his medical records from them, they gave her his counseling records only, not the ones from Dr. Tomb and we had no idea what his diagnosis was or who the psychiatrist was. Kysa and Attorney Murphy withheld that information from the courts, and the court ordered psychological examiner.

In 2016 and/or 2017, my husband was in contempt of court for his failure to refinance or sell our home. In 2018, he was diagnosed with throat cancer and not one family member came to take care of him. My 9-year old daughter was changing his feed tube and helping him on her days with him. I had no idea at the time that she was having to do that. He was in remission after chemo and radiation, when he woke up one day and could no longer walk. He was diagnosed with stage 4 prostate cancer. I know a great deal about cancer because my 30 year old son from a previous relationship had cancer as a teen and had to have a stem cell transplant at Dartmouth to save his life when my daughter was 8 months old. My husband stole the $5k in fundraising money the town raised for him and bout himself a 1964 sport fury muscle car, and convinced the owner to drive it out from Ohio because he used my son's cancer to gain sympathy. Prior to all that, he had taken $15k from me and never paid me back when we were dating, stole my Discover check, and wrote himself a check after we were married for less than a year, and then after my son had cancer, he conned $60k from my mother to put a down payment on a house in CA that had a guest in-law apartment. When the house deal fell through, he kept the money rather than returning it, and my mom was retired on a fixed income. The most she ever made working was about $45k and she lived in CA where it is very expensive. I had to get that money back for my mom in the divorce. He took that money and bought himself a brand new Boss 302 Mustang and paid off a $20k RV loan that he had with his 2nd wife. He never removed her from the loan, and trashed her credit too, by not refinancing after their divorce and I'm pretty sure he was court ordered to do so.

I received information from my step-son's mom about my husband after our divorce. Her son was 19 when we moved to NH in 2006, and he chose to stay in CA. He has never lived in our home in NH and has never lived in NH. My step-son's mother confirmed she had the same issues with my husband when she was married to him. She gave up and didn't go after him for child support and allowed him to take their son and move an hour away for a better school district because she knew if she didn't agree, her life would be hell as well as her son's. My step-son was 16 when I started dating his father and we never had one argument and were very respectful to each other. He and his father picked on my ten year old son that I had full custody of.

My son's  father moved to GA for work after abandoned his son at birth, and didn't tell the child support division, so I had to find him on my own before they would help me. He too used my son in a cancer scam fundraiser in GA that we found out about while my son had cancer and then my son, who had reconnected with him at the age of 7, decided he never wanted to see or hear from his father again. His father never tried to visit him when he had cancer and then used him, so my son was done with that deadbeat and has never seen him since. My son is 30 now and lives in NC.

After trying to get assistance with NBPD, Goffstown, Sheriff, etc. who all blew off my complaints against Kysa, I went to the AG with my complaints about her. They of course, didn't want to help. Then I finally felt defeated and had to give up.

In May 2020, I was pulled over during Covid for not having plates on my vehicle. My registration appointment was the following day, but we needed food. I made the registration appointment two weeks in advance and everything was delayed due to Covid. Chief Brace didn't believe me about the appointment, was very rude to me during the traffic stop, probably because I pressed criminal charges against him for the tampered videos, and we got into a heated discussion about his involvement in my divorce/custody case. He had already released me from the citation, with a warning. I ended up saying idiot as I was driving away, and then Chief Brace, unlawfully detained my daughter and me for an hour and tried to shove a citation through my window, after he lied to Officer Loveless when he called for backup. Our car had Loveless on my side, another NBPD officer on my passenger side, next to my 12 year old daughter, and Chief Brace was behind my vehicle. All had hands on their guns, like I was some sort of felon who escaped from prison, for calling him an idiot. He got out of his by claiming he gave me the citation before I called him an idiot, but that was untrue. My daughter was never interviewed despite repeated requests to the County Attorney investigator Mark Putney, to do so. Chief Brace lied on his statement and they took his word over mine and refused to interview my daughter. To date, nobody has interviewed her about that unlawful arrest. Democrat Michael Conlon was the only one in 8 years who was having my entire case investigated and I had a hell of a time getting Republican Nicole-Schultz Price, who worked for him to give me a report number for the investigation. I was a Republican at the time who voted for John Coughlin. Mark Putney stalled the investigation until John Coughlin got voted in and then John Coughlin dismissed the entire case immediately. He failed to have the lobby videos forensically examined too. To date, nobody has had them examined except me.

In May 2019, when my husband died of cancer, I retained my divorce attorneys to help me with the quit claim deed and they finally agreed to do so. We agreed to file a Plea of Title and Mark Campbell was representing me. Mitch Utell was representing my daughter. Mark failed to file the plea of title and then the day of the hearing that I thought was for the plea of title, he informed me that it was for something else, and tried to cover up his mistake of not filing it. In the phone hearing, he did not tell the judge about the fraud with the dead to the best of my recollection, nor did he mention I was making the mortgage payments because the Executor of the Estate was going to let it go into foreclosure intentionally. He never requested a full accounting of the Estate, and there were multiple high dollar assets that were removed from this house when my step-son left for CA. All the artwork, painting, music equipment, jewelry, and photos were missing. I reported it to my attorney who did nothing. I reported that my husband had a 401k and stock options that needed to be looked into, and my attorney didn't look into it. When my attorney found out my husband left my daughter out of the will as an heir, to cover up the fraudulently registered deed, he had her added back in somehow with approval from my step-son, but I didn't have a copy of the will. When I started with Mark as my attorney, I was told the deed should be null and void, and returned to Goffstown Courthouse because Attorney Murphy retired and had she not immediately given it back to my husband after the divorce to fraudulently register it in his own name, I could have refinance my home immediately after my husband died, and moved back into our marital residence to prevent the theft that took place with the Executor and his

Page 8 of 10

family. I would have moved in to take care of my minor daughter who lived in our marital residence at least 50% of her time since birth, since there were no other family members in the state to help out until probate. I could have fixed my credit that my ex-husband destroyed in 2015 after I refinanced and started making payments on time again. I could have enlightened the probate judge about the fraud with the deed, the fraud with the removal of my parental rights, which led me to give up my home under duress, etc. I have spent my 401k from Teradyne, and I had to cash out my teaching pension to pay the $50k in legal fees. I was prevented from refinancing because the Executor of the Estate is now attached to my marital residence, due to the faud with the deed, and there is a $40k IRS lien from my ex-husband not paying taxes that got attached to the house. I would not be responsible for that debt or his $25k credit card death because we were divorced when he died. The Executor of the Estate, my step-son, was informed about the fraud with the deed.

Instead of helping me with the deed, my attorney failed to even contact Attorney Murphy and he refused to contact the Hillsborough County Registrar's Office to have the fraudulently registered deed investigated. He did not go to the police about it either. I wanted him to file a lawsuit against attorney Murphy but he refused to help with that. Instead, he bullied me into believing the only way I could get my house back was to buy it back from the Estate. I had to get the loan modified instead of refinanced because my credit was destroyed. When the market went up, my house doubled in its value and is now showing up as $700k on Zillow. It was appraised at approximately $330k when my husband died. Interest rates have sky rocketed too. After the loan modification was approved, my attorney expected me to take on the IRS debt, and give my step-son additional money to buy him out. He filed a Motion to have my daughter and me evicted, so he could sell it. He has not paid a dime towards the mortgage since he left. I pay the insurance. I paid the mortgage until I got sick and ended up going on disability from my teaching career for anxiety, depression, and PTSD that is directly caused by this unbelievable situation that has been my life for 20 years now. I tried to get away from my husband in 2012 and he's still affecting my peace and liberty and that of his daughter' s, 3 years after death, because nobody wanted to investigate my divorce/custody case properly. The 2nd GAL tired, but was blocked from looking into my husband's mental health issues by a court order.

Perhaps the biggest kicker in all of this, is that County Attorney John Coughlin's wife signature is on that fraudulently registered deed, and he dismissed it. I took it to the next level and asked the AG to investigate John Coughlin's actions and they failed to do anything about it and did not overturn his decision. Geoff Ward was responsible for that one. He stalled his decision until I started copying the Governor, the AG, etc. for transparency and made threats to go to the media. This week had to let both attorneys go and I had to file a complaint against my step-son's attorney for failing to respond to multiple requests from both my attorney and my daughters. I believe it was almost three months that this went on for. I strongly feel they were both allowing the clock to run out and racking up attorney fees. After many years of tears, horrific PTSD fueled triggers, anxiety, and depression over where we are going to live if our home is taken away from us, with no family, no credit and 3 dogs and a cat, my daughter is suffering really bad with depression now too. She too has anxiety and has had it since she was 5 when this nightmare of her truths have been brushed off. She is set to start high school in a month, and I just had major surgery to repair a large hole that my stomach was protruding through, and I can't life anything for at least 8-12 weeks. If the plea of title fails, in Superior Court, we will get evicted. The will that conveniently left my daughter out was created on August 30, 2019 with my step-son, his uncle, and his girlfriend present. My husband was home on hospice care at the time unable to walk, in extreme pain. He started pain meds on August 9. By May 5th he could no longer talk and was totally sedated, and on May 9th, 2019 he died leaving this mess for my daughter and me, not to mention his own son, who as manipulated his entire life by his father, and made to believe his father was a very wealthy man, who would eventually leave everything to him. My step-son brought my mother into this mess by sending her an email disparaging me and she was recovering from a heart attack, and was deeply affected by his false and hurtful words, especially after she had been taken for $60k which she took out a 2nd on her home to get.

Page 9 of 10

In response to that and many other delays, that I feel are intentionally happening, I have lost control of my ability to always be professional, and I have sent a few doozies emails back to my step son and his family who are now covering for him and have stopped communicating with me. They have always been close to him and they are best friends with his mom, who also flew out and stayed in my marital residence after her son's father died. Her son was 32 or 33 when his father died. My daughter was 11. I think I pretty much captured the most of this. This week, I received my 12th message from someone who feels Kysa is intentionally removing parental rights for profit. After she removed mine, she removed another woman's rights with her deceptive ways, and false reporting, of what therapists tell her, etc. She delays cases, asking for more time, too, and then spends that time making you-tube videos for her blog and swimming competitively. She appears to have no empathy for what the children or their parents are going through, and she charges thousands and thousands of dollars to investigate these cases. My case was around $6k. I provided the additional information about the children to County Attorney John Coughlin and gave him the names of at least 8 victims of Kysa. She is currently failing to help. They have been grabbing their father's private parts and each others and think it's funny. The father had to discuss how inappropriate it is and told them to stop. Kysa lashed out at the father for doing that, and told him it was wrong. As usual, John Coughlin, is brushing this off, so I contacted the NBPD to inform them of the sexualized behaviors that Kysa is brushing off once again. Sgt. Loveless, ended up speaking to the parents about the behaviors and then reported everything to DCYF. He encouraged the parents to report everything to DCYF as well.

At this time, I feel I need a restraining order against Derek Coburn, the Executor of the Estate of James Reid Coburn, his attorney John Bisson, , GAL/Attorney Kysa Crusco, County Attorney John Coughlin, Detective Mark Putney at the County AG's office, Dick Tracy at the DOJ, Geoff Ward at the DOJ, and Lisa Woleford. I feel they are interfering and obstructing in our pursuit for justice, and will stop at nothing, to make it appear as though I'm an unstable and/or unfit parent to get me to stop this pursuit for basic justice. I pray you will pull all the files of the victims of GAL Kysa Crusco and review them. I pray this will be granted to protect my daughter from any further attempts to disrupt her life, which cause enormous amounts of stress. She already lost a classmate to suicide this year in 8th grade. I'll be damned if I'm going to sit around and watch her depression spiral out of control like her father's did because nobody in this state gives a care in the world for her safety and well-being expect me, my family, and my friends, most of which are on the other side of the country in CA, where I lived for 36 years before being conned into moving here to be preyed on by my husband.

I also pray relief in the amount of $25k so I can secure my loan, and prevent it from going into foreclosure until this mess has a way to work itself through Superior Court. I would like to prevent Salem Five from foreclosing on our home while a fraud investigation into these issues is handled by the DOJ in the Major Crimes Division, as this certainly warrants their assistance, in this case.

Sincerely,

*Rochelle Pouget*

Rochelle Pouget
20 Lincoln Drive, New Boston, NH 03070
603-213-1741

County of Hillsborough , ss.
State of New Hampshire
On this 22 day of July , 2022
Rochelle A Pouget ,
known to me or proven to be the instrument subscriber,
personally appeared before me and acknowledged that
he/she executed the foregoing instrument.
_Alma Miller_ , Notary Public

ALMA G. MILLER
MY
COMMISSION
EXPIRES
FEB. 20, 2024
NOTARY PUBLIC
NEW HAMPSHIRE

Page 10 of 10

# **Exhibit B**

**THE STATE OF NEW HAMPSHIRE**

**HILLSBOROUGH, SS.**                                                                **SUPERIOR COURT**
**NORTHERN DISTRICT**

Rochelle Pouget

v.

Derek Coburn, et al.

Docket No. 216-2022-CV-00427

## ORDER

The plaintiff has brought this action alleging various claims against a large number of defendants.  The defendants now move to dismiss.  The plaintiff objects.  For the reasons that follow, the motions to dismiss are GRANTED.

### Factual Background

For purposes of this order, the Court assumes the truth of the following facts as set forth in the plaintiff's complaint and accompanying affidavit.  In 2012, the plaintiff filed for divorce from her husband.  In November 2012, the plaintiff's husband assaulted her, prompting her to call the police.  Sergeant Aiken of the New Boston Police Department responded, but failed to properly investigate the incident.  In 2013, the plaintiff reported additional abuse to the New Boston Chief of Police, James Brace, but ultimately did not press charges against her husband.  During another incident of abuse in early 2013, Chief Brace had the plaintiff arrested for assaulting her husband, while ignoring the fact that the plaintiff's husband had also assaulted her.  The plaintiff reported this to the Attorney General's Office, but investigator Dick Tracy failed to properly investigate the claim.

In July 2013, the court assigned Attorney Kysa Crusco as a guardian ad litem to the divorce case to care for the interests of the plaintiff's daughter.  However, Attorney

Crusco did not properly investigate the case.  Attorney Crusco hid information from the court, the court-appointed psychologist, and the Division of Children, Youth, and Families. In 2014, when the plaintiff reported an incident of child sexual abuse, Attorney Crusco told Chief Brace that she believed the plaintiff was lying.  Attorney Crusco attempted to have the plaintiff arrested for lying, and petitioned to terminate the plaintiff's parental rights.

    As part of mediating the divorce, the plaintiff signed a quitclaim deed for the property that she held jointly with her husband.  The quitclaim deed was to be held in escrow for three years to give the husband time to either sell or refinance the home. However, the quitclaim deed was given to the husband immediately after the divorce was finalized and he recorded it.  The plaintiff's husband was later found in contempt of court for failing to sell or refinance the home.

    In 2019, the plaintiff's husband died.  The plaintiff attempted to file a plea of title to get the property back, but her counsel failed to properly pursue the claim.  The plaintiff's step-son, as executor of the husband's estate, sought to evict the plaintiff and her daughter.  The property was eventually placed into foreclosure after the plaintiff stopped making payments on the mortgage.

    In May 2020, Chief Brace pulled the plaintiff over for driving without valid plates on her car.  He released the plaintiff with a warning, but as she was driving away she called him an idiot.  Chief Brace stopped her again and gave the plaintiff a citation.  The plaintiff made a report to the Hillsborough County Attorney's office, but investigator Mark Putney did not interview the plaintiff's daughter, who was in the car, about the incident.  Instead,

Mark Putney stalled the investigation until County Attorney John Coughlin dismissed the case.

**Analysis**

In ruling on a motion to dismiss, the Court determines "whether the allegations contained in the pleadings are reasonably susceptible of a construction that would permit recovery." <u>Pesaturo v. Kinne</u>, 161 N.H. 550, 552 (2011).  The Court rigorously scrutinizes the facts contained on the face of the complaint to determine whether a cause of action has been asserted.  <u>In re Guardianship of Madelyn B.</u>, 166 N.H. 453, 457 (2014).  The Court "assume[s] the truth of the facts alleged by the plaintiff and construe[s] all reasonable inferences in the light most favorable to the plaintiff."  <u>Lamb v. Shaker Reg'l Sch. Dist.</u>, 168 N.H. 47, 49 (2015).  "If the facts do not constitute a basis for legal relief, [the Court will grant] the motion to dismiss."  <u>Graves v. Estabrook</u>, 149 N.H. 202, 203 (2003).

**I.    Kysa Crusco**

Attorney Crusco argues that the claim against her is barred by the statute of limitations.  According to RSA 508:4, I:

> Except as otherwise provided by law, all personal actions . . . may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

"[O]nce the defendant establishes that the cause of action was not brought within three years of the alleged act, the burden shifts to the plaintiff to raise and prove the applicability of the discovery rule exception."  <u>Perez v. Pike Indus., Inc.</u>, 153 N.H. 158, 160 (2005).

"The statutory discovery rule is designed to provide relief in situations where the plaintiff is unaware either of the injury or that the injury was caused by a wrongful act or omission." Lamprey v. Britton Const., Inc., 163 N.H. 252, 257 (2012).

"The discovery rule is a two-pronged rule requiring both prongs to be satisfied before the statute of limitations begins to run." Beane v. Dana S. Beane & Co., 160 N.H. 708, 713 (2010); see also Lamprey, 163 N.H. at 257 (same). "First, a plaintiff must know or reasonably should have known that [she] has been injured; and second, a plaintiff must know or reasonably should have known that [her] injury was proximately caused by conduct of the defendant." Id. "[O]nce the plaintiff could reasonably discern that he or she suffered some harm caused by the defendant[s'] conduct, the tolling [of the statute of limitations] ends." Lamprey, 163 N.H. at 257. "[T]he plaintiff need not be certain of the causal connection; the reasonable possibility that it existed will suffice to obviate the protections of the discovery rule." Id.

Here, Attorney Crusco has established that the statute of limitations applies to the claim against her. Attorney Crusco's involvement with the plaintiff's divorce proceedings ended in 2014. The plaintiff did not file her amended complaint naming Attorney Crusco as a defendant until July 29, 2022. Therefore, the burden shifts to the plaintiff to establish application of the discovery rule.

The plaintiff's purported objection makes no mention of Attorney Crusco or the specifics of this motion.[1] Rather, she merely makes the conclusory claim that "[t]he statute of limitations has not run out, as the crimes and Constitutional Violations were discovered on September 02, 2022, during a routine check of my court file, while

---

[1] The plaintiff submitted an identical, generic objection to all pending motions to dismiss that is not specifically tailored to the issued raised by any given defendant.

preparing for this Objection to Motion to Dismiss." (Pl.'s Obj. Mot. Dismiss (Doc. 79) ¶ 4.) However, the plaintiff's complaint and the affidavit attached thereto make clear that the allegations against Attorney Crusco were completed and known to the plaintiff at the time they occurred in 2013 and 2014. (See Compl. Aff. (Doc. 5.) at 3–5.) Indeed, the complaint affidavit states that the plaintiff reported Attorney Crusco's actions to the Guardian Ad Litem Board.[2] (Id. at 7.) Therefore, because the plaintiff knew or should have been aware of her injuries by 2014, the discovery rule does not apply here.

Accordingly, Attorney Crusco's motion to dismiss is GRANTED.

## II.   DOJ Defendants[3]

In her amended complaint, the plaintiff names Nicholas Chong Yen, Tracy Riehl, Jeff Strelzin, and Jane Young as defendants. However, her complaint makes no allegations against any of these individuals and therefore fails to state a claim against them. Accordingly, the defendants' motion to dismiss the claims against these individuals is GRANTED.

The amended complaint also alleges that Dick Tracy, Geoffrey Ward, and Lisa Wolford failed to undertake a criminal investigation into alleged wrongdoing by the plaintiff's deceased ex-husband and others. "As a general proposition, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Petition of Lath, 169 N.H. 616, 623 (2017). "It is for this reason that, generally, a victim has no right to intervene in the criminal case of the accused, to appeal the substantive rulings of the trial court, or to contest the prosecutor's decision to dismiss criminal

---

[2] It is unclear when this occurred, but given the rough chronology of the complaint it appears to have occurred before 2015.
[3] The complaint initially named Assistant Attorney General Patrick Queenan as a defendant, but the plaintiff has since voluntarily nonsuited her claims against him.

charges." Id. (citations omitted).  The plaintiff thus lacks standing to compel a criminal investigation into the alleged criminal acts of another.  See Bond v. U.S. Dep't of Justice, 828 F. Supp. 2d 60, 75 (D.D.C. 2011) ("[T]o the extent [the plaintiff] seeks to compel criminal investigations, he fails to state a claim upon which relief can be granted.").

"For a court to hear a party's complaint, the party must have standing to assert the claim."  Eby v. State, 166 N.H. 321, 334 (2014).  Because the plaintiff lacks standing to compel a criminal investigation, the DOJ defendants' motion to dismiss is GRANTED.

## III.  James Brace and Stephen Case

As an initial matter, the plaintiff's complaint contains no factual allegations against Stephen Case.  Accordingly, she has failed to state a claim against him.

With respect to James Brace, the complaint alleges some incidents that occurred in or around 2013 through 2015.  For the reasons given above, any potential claims arising out of this alleged conduct is barred by the statute of limitations.

The complaint also alleges an incident involving Chief Brace that occurred in 2020.  During that incident, Chief Brace pulled the plaintiff over for operating a vehicle without valid plates and issued her a citation.  Although the plaintiff alleges that Chief Brace only issued the citation because she called him an idiot during the traffic stop, there is nothing set forth in the complaint that would give rise to a cause of action.  Notably, the plaintiff does not contest that she did not have valid plates on her vehicle, making the issuance of a citation appropriate.  The plaintiff's objection to the instant motion to dismiss sheds no light on the nature of her claim against Chief Brace.

Therefore, the Court finds the plaintiff has failed to state a cause of action against either Chief Brace or Stephen Case.  Accordingly, the defendants' motion to dismiss is GRANTED.

## IV.   Salem Five Bank

In her complaint, the plaintiff seeks "to prevent Salem Five from foreclosing" on the home.  "The granting of an injunction is a matter within the sound discretion of the Court exercised upon a consideration of all the circumstances of each case and controlled by established principles of equity."  DuPont v. Nashua Police Dep't, 167 N.H. 429, 434 (2015).  "The issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy."  N.H. Dep't of Envtl. Servs. v. Mottolo, 155 N.H. 57, 63 (2007).  "A preliminary injunction is a provisional remedy that preserves the status quo pending a final determination of the case."  Id. (citation omitted).  "An injunction should not issue unless there is an immediate danger of irreparable harm to the party seeking injunctive relief, and there is no adequate remedy at law."  Id.  "Also, a party seeking an injunction must show that it would likely succeed on the merits."  Id.  Finally, the public interest must not be adversely affected by the granting of the preliminary injunction.  Thompson v. N.H. Bd. of Med., 143 N.H. 107, 108 (1998).

Here, Salem Five Bank claims that it holds the promissory note and mortgage on the property at issue.  It further represents that the borrowers are in default, and that it has initiated a foreclosure under the power of sale provision set forth in the mortgage.  The complaint fails to make any allegations against Salem Five Bank and does not contain any allegations that undermine the bank's ability to foreclose on the property due to the default.  Significantly, the plaintiff admits in her complaint that she stopped making

payments on the mortgage.  Moreover, the plaintiff's objection to Salem Five Bank's motion to dismiss fails to respond to the arguments raised above, and in fact makes no mention of Salem Five Bank or the mortgage and foreclosure proceedings.

Under these circumstances, the plaintiff has failed to establish that she is likely to succeed on the merits of her claim.  Therefore, she is not entitled to preliminary injunctive relief.  Accordingly, Salem Five Bank's motion to dismiss is GRANTED.

## V.    County Defendants[4]

As an initial matter, despite naming them as defendants, the plaintiff's complaint makes no allegations against James Hardy or Brian Newcomb.  Therefore, the plaintiff has failed to state a claim against these individuals.

With respect to Mark Putney, the only allegations in the complaint are that he failed to interview the plaintiff's daughter in connection with the 2020 traffic citation incident and that he otherwise stalled the investigation into the plaintiff's "entire case."  (Compl. at 8.) As noted above, the plaintiff has no standing to compel investigations.  Accordingly, the plaintiff has failed to state a claim against Mark Putney.

With respect to John Coughlin, the complaint alleges that Attorney Coughlin dismissed the plaintiff's case and failed to have certain videos forensically examined in connection with same.  The plaintiff also alleges that she provided information about children involved in custody matters to Attorney Coughlin, whom she claimed were victims of Attorney Crusco's malfeasance, but he took no action.  This is effectively a claim that Attorney Coughlin failed to investigate and/or prosecute the plaintiff's case and other

---

[4] Though Pamela Coughlin was initially named as a defendant, the plaintiff voluntarily nonsuited the claim(s) against her.

potential criminal conduct. Again, for the reasons set forth above, the plaintiff lacks standing to compel such action.

Accordingly, for the foregoing reasons, the defendants' motion to dismiss is GRANTED.

## VI.  Derek Coburn and John Bisson

The plaintiff's claims against Derek Coburn, her stepson, and John Bisson, his attorney, arise out of the allegedly fraudulent disposition of the property. These claims have been the subject of litigation in the probate court. (See Coburn and Bisson Mot. Dismiss (Doc. 67), Ex. A, B, C.) The plaintiff already attempted to raise the same issues in a plea of title action in this Court, which the Court dismissed for lack of jurisdiction. See Pouget v. Estate of Coburn, No. 216-2022-CV-197 (Order, Nicolosi, J.) (Sept. 12, 2022). The probate court has exclusive jurisdiction over these claims, RSA 547:3 & 547:11-b, and this Court lacks appellate authority over the probate court's decisions in this case. The plaintiff's proper remedy is to pursue additional action in the probate court, or appeal the decisions of that court to the New Hampshire Supreme Court.

Accordingly, for the foregoing reasons, the defendants' motion to dismiss is GRANTED.

## VII.  Nicole Shultz-Price

The plaintiff failed to timely serve Nicole Shultz-Price with a summons and copy of the complaint in this case. Moreover, the only mention of Attorney Shultz-Price in the complaint is as follows: "Democrat Michael Conlon was the only one in 8 years who was having my entire case investigated and I had a hell of a time getting Republican Nicole-Shultz Price [sic], who worked for him, to give me a report number for the investigation."

(Compl. Aff. at 8.)   This allegation is insufficient to give rise to a cause of action.

Therefore, the plaintiff has failed to state a claim against Attorney Shultz-Price.

Accordingly, the defendant's motion to dismiss is GRANTED.

SO ORDERED.

October 17, 2022

_____

Diane M. Nicolosi, Presiding Judge

Clerk's Notice of Decision
Document Sent to Parties
on  10/17/2022

10

# **Exhibit C**

Hillsborough North

# Case Summary

### Case No. 216-2022-CV-00427

| | | | |
|---|---|---|---|
| **Rochelle Pouget v Derek Austin Coburn, et al** | § | Location: | **Hillsborough North** |
| | § | Judicial Officer: | **Nicolosi, Diane M** |
| | § | Filed on: | **07/22/2022** |

---

## Case Information

Case Type: Restraining Order
Case Status: **12/27/2022  Closed**

## Assignment Information

**Current Case Assignment**
Case Number      216-2022-CV-00427
Court                   Hillsborough North
Date Assigned    07/22/2022
Judicial Officer  Nicolosi, Diane M

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **Pouget, Rochelle** | Pro Se <br> (603)213-1741(H) |
| **Defendant** | **Bisson, John** | **Muller, Jr., Daniel D. ESQ** <br> *Retained* <br> 603-624-4333(W) |
| | **Brace, James** | **Cullen, Brian J.S. ESQ** <br> *Retained* <br> 603-881-5500(W) <br> **Shirley, Jonathan M. ESQ** <br> *Retained* <br> 603-881-5500(W) |
| | **Case, Sargent** | **Cullen, Brian J.S. ESQ** <br> *Retained* <br> 603-881-5500(W) <br> **Cullen, Brian J.S. ESQ** <br> *Retained* <br> 603-881-5500(W) <br> **Shirley, Jonathan M. ESQ** <br> *Retained* <br> 603-881-5500(W) |
| | **Chong Yen, Nicholas** | **O'Donnell, Brendan Avery ESQ** <br> *Retained* <br> 603-271-3658(W) <br> **Chase, Brandon Francis ESQ** <br> *Retained* <br> 603-271-3658(W) |
| | **Coburn, Derek Austin** | **Muller, Jr., Daniel D. ESQ** <br> *Retained* <br> 603-624-4333(W) <br> **Bisson, John F. ESQ** <br> *Retained* <br> 603-624-4333(W) |

**Hillsborough North**

## Case Summary

**Case No. 216-2022-CV-00427**

| | |
|---|---|
| **Coughlin, John ESQ** | **Burrows, Matthew V. ESQ**<br>*Retained*<br>603-228-1181(W) |
| **Cross, Philip** | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) |
| **Crusco, Kysa** | **Crusco, Kysa M. ESQ**<br>*Retained*<br>603-627-3668(W) |
| **DalPra, Bruce F** | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) |
| | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) |
| **Dalpra, Judge** | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) |
| **Gorman, Suzanne** | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) |
| **Hardy, J** | **Burrows, Matthew V. ESQ**<br>*Retained*<br>603-228-1181(W) |
| **Moore, Paul** | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) |
| | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) |
| **Moore, Paul** | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) |
| **Murphy, Patricia ESQ** | |
| **Newcomb, Brian** | **Burrows, Matthew V. ESQ**<br>*Retained*<br>603-228-1181(W) |
| **Putney, Mark**<br>Male | **Burrows, Matthew V. ESQ**<br>*Retained*<br>603-228-1181(W) |
| **Riehl, Tracy** | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) |
| | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) |
| **Salem Five Bank** | **O'Leary, Edward P. ESQ**<br>*Retained* |

Printed on 05/31/2023 at 11:31 AM

**Hillsborough North**

## Case Summary

**Case No. 216-2022-CV-00427**
617-558-6109(W)

| | | |
|---|---|---|
| Schultz-Price, Nicole J. ESQ | **Burrows, Matthew V. ESQ**<br>*Retained*<br>603-228-1181(W) | |
| Strelzin, Jeff | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) | |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) | |
| Tracy, Richard | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) | |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) | |
| Ward, Geoff | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) | |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) | |
| Weaver, Judge | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) | |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) | |
| Wolford, Lisa | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) | |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) | |
| Young, Jane | **Chase, Brandon Francis ESQ**<br>*Retained*<br>603-271-3658(W) | |
| | **O'Donnell, Brendan Avery ESQ**<br>*Retained*<br>603-271-3658(W) | |
| **Minor** | **Coburn, Danielle** | **Pro Se**<br>(603)213-1741(H) |

---

## Events and Orders of the Court

| | | |
|---|---|---|
| 07/22/2022 | Complaint - Civil<br>*Restraining Order* | Index # 1 |
| 07/22/2022 | Appearance<br>*of Pro Se Plt* | Index # 2 |
| 07/22/2022 | Affidavit<br>*Non-Lawyer Affidavit obo Minor Plt* | Index # 3 |
| 07/22/2022 | Ex Parte Motion<br>*to grant RO -Plt* | Index # 4 |
| 07/22/2022 | Affidavit | Index # 5 |

## Case Summary

### Case No. 216-2022-CV-00427

*of Rochelle Pouget -Plt*

| | | |
|---|---|---|
| 07/22/2022 | Temporary Restraining Order    (Judicial Officer: Anderson, David A)<br>*- Denied on Ex Parte Basis, Hrg to be scheduled (Env 2473928)* | Index # 6 |
| 07/22/2022 | Summons on Complaint<br>*(Env 2473928) NO SERVICE* | Index # 7 |
| 07/26/2022 | Motion to Amend<br>*Hearing Date-Plf* | Index # 11 |
| 07/26/2022 | Motion to Amend Complaint<br>*Add Defendants/Plf* | Index # 12 |
| 07/27/2022 | Ex Parte Motion<br>*to Add Defendants/Plf* | Index # 8 |
| 07/27/2022 | Affidavit<br>*of Plf iso Ex Parte Mo to Add Defs* | Index # 9 |
| 07/27/2022 | Ex Parte Motion<br>*to Continue-Plf* | Index # 10 |
| 07/27/2022 | Granted     (Judicial Officer: Nicolosi, Diane M)<br>*Env 2481742* | |
| 07/27/2022 | Granted     (Judicial Officer: Nicolosi, Diane M)<br>*Env 2481742* | |
| 07/27/2022 | Granted     (Judicial Officer: Nicolosi, Diane M)<br>*Env 2481742* | |
| 07/29/2022 | Amended Complaint<br>*Restraining Order* | Index # 13 |
| 07/29/2022 | Request for Reissued Summons<br>*Plt* | |
| 07/29/2022 | Other<br>*attachment to Amended Complaint* | Index # 14 |
| 08/01/2022 | Summons on Complaint<br>*- issued on 1, 5, 4, 6 12, 8, 9, 10, 13 and 14 NEW (Env 2487760)* | Index # 15 |

08/01/2022 **Service**
Schultz-Price, Nicole J. ESQ
Unserved
Bisson, John
Served: 08/10/2022
Salem Five Bank
Unserved
Putney, Mark
Served: 08/09/2022
Coburn, Derek Austin
Served: 08/10/2022
Brace, James
Returned Unserved
08/19/2022
Crusco, Kysa
Served: 08/10/2022
Case, Sargent
Served: 08/09/2022
Murphy, Patricia ESQ
Unserved
Coughlin, John ESQ
Served: 08/10/2022
Wolford, Lisa
Unserved
Gorman, Suzanne
Served: 08/10/2022

## Case Summary

### Case No. 216-2022-CV-00427

Moore, Paul
Unserved
Cross, Philip
Unserved
Weaver, Judge
Unserved
Dalpra, Judge
Unserved
Tracy, Richard
Served: 08/09/2022
Ward, Geoff
Served: 08/17/2022
Young, Jane
Served: 08/09/2022
Strelzin, Jeff
Served: 08/09/2022
Riehl, Tracy
Served: 08/16/2022
Chong Yen, Nicholas
Unserved
Newcomb, Brian
Served: 08/08/2022
Hardy, J
Served: 08/10/2022

| | | |
|---|---|---|
| 08/03/2022 | *CANCELED* **Hearing on Petition**   (1:30 PM)   (Judicial Officer: Nicolosi, Diane M) | |
| | *Continued* | |
| 08/09/2022 | Service | |
| | *R.Tracey* | |
| 08/11/2022 | Appearance | Index # 16 |
| | *of Daniel Muller Jr for Def-John Bisson* | |
| 08/11/2022 | Motion to Continue | Index # 17 |
| | *8-22-22 hg and req addl time-Def-John Bisson* | |
| 08/12/2022 | Appearance | Index # 18 |
| | *of Brian Cullen Esq for Defs James Brace and Sargent Case* | |
| | Party:   Defendant Brace, James; | |
| | Defendant Case, Sargent | |
| 08/12/2022 | Appearance | Index # 19 |
| | *of Jonathan Shirley Esq for Defs James Brace and Sargent Case* | |
| | Party:   Defendant Brace, James; | |
| | Defendant Case, Sargent | |
| 08/18/2022 | Order Made    (Judicial Officer: Nicolosi, Diane M) | |
| | *Env 2517346* | |
| 08/18/2022 | Appearance | Index # 20 |
| | *Appearance for Salem Five Bank* | |
| | Party:   Defendant Salem Five Bank | |
| 08/18/2022 | Answer | Index # 21 |
| | *Bench/Salem Five* | |
| | Party:   Defendant Salem Five Bank | |
| 08/19/2022 | Appearance | Index # 22 |
| | *of John F. Bisson for Derek Coburn* | |
| 08/19/2022 | Appearance | Index # 23 |
| | *of Daniel D. Muller, Jr. for Derek Coburn* | |
| 08/19/2022 | Answer | Index # 24 |
| | *Bench-Derek Austin Coburn and John Bisson* | |
| 08/19/2022 | Return of Service | Index # 25 |
| | *on Brian Newcomb* | |

**Hillsborough North**

## Case Summary

### Case No. 216-2022-CV-00427

| 08/19/2022 | Affidavit<br>*of Rochelle Pouget (DUPLICATE #5)* | Index # 26 |
| 08/19/2022 | Return of Service<br>*on Derek Austin Coburn* | Index # 27 |
| 08/19/2022 | Return of Service<br>*on Geoff Ward* | Index # 28 |
| 08/19/2022 | Return of Service<br>*on James Hardy* | Index # 29 |
| 08/19/2022 | Return of Service<br>*Return of Service* | Index # 30 |
| 08/19/2022 | Non-Est Return<br>*on James Brace* | Index # 31 |
| 08/19/2022 | Return of Service<br>*on Jane Young* | Index # 32 |
| 08/19/2022 | Return of Service<br>*on Jeff Strelzin* | Index # 33 |
| 08/19/2022 | Affidavit<br>*of Rochelle Pouget ( (DUPLICATE #5 accepted in error)* | Index # 34 |
| 08/19/2022 | Return of Service<br>*on John Bisson* | Index # 35 |
| 08/19/2022 | Return of Service<br>*on John Coughlin* | Index # 36 |
| 08/19/2022 | Return of Service<br>*on Kysa Crusco* | Index # 37 |
| 08/19/2022 | Return of Service<br>*on Children's Legal Svc's - (NOT A PARTY)* | Index # 38 |
| 08/19/2022 | Return of Service<br>*on Mark Putney* | Index # 39 |
| 08/19/2022 | Return of Service<br>*on Richard Tracey* | Index # 40 |
| 08/19/2022 | Return of Service<br>*on Stephen Case* | Index # 41 |
| 08/19/2022 | Affidavit<br>*of Rochelle Pouget ( (DUPLICATE #5 acepted in error)* | Index # 42 |
| 08/19/2022 | Return of Service<br>*on Suzanne Gorman* | Index # 43 |
| 08/19/2022 | Return of Service<br>*on Tracy Riehl* | Index # 44 |
| 08/19/2022 | Motion to Amend Complaint<br>*and Reissue Summons filed by Plaintiff* | Index # 64 |

08/19/2022
Appearance
    *of Brandon Chase and Brendan O'Donnell for R.Tracy,J.Strelzin,L.Wolford,N.Chong*
    *Yen,P.Cross,S.Gorman,J.Young,T.Riehl,G.Ward,M.Weaver and P.Queenan*
    Party:   Defendant Chong Yen, Nicholas;
               Defendant Cross, Philip;
               Defendant Gorman, Suzanne;
               Defendant Riehl, Tracy;
               Defendant Strelzin, Jeff;
               Defendant Tracy, Richard;
               Defendant Ward, Geoff;
               Defendant Weaver, Judge;
               Defendant Wolford, Lisa;

**Hillsborough North**

## Case Summary

### Case No. 216-2022-CV-00427

Defendant Young, Jane
Index # 50

| | | |
|---|---|---|
| 08/19/2022 | Motion to Dismiss | Index # 51 |
| | *Nicholas Chong Yan, et al (DOJ Defs)* | |
| | Party:   Defendant Chong Yen, Nicholas; | |
| | Defendant Cross, Philip; | |
| | Defendant Gorman, Suzanne; | |
| | Defendant Riehl, Tracy; | |
| | Defendant Strelzin, Jeff; | |
| | Defendant Tracy, Richard; | |
| | Defendant Ward, Geoff; | |
| | Defendant Weaver, Judge; | |
| | Defendant Wolford, Lisa; | |
| | Defendant Young, Jane | |

| | | |
|---|---|---|
| 08/19/2022 | Motion to Dismiss | Index # 52 |
| | *Defs-James Brace and Stephen Case* | |
| | Party:   Defendant Brace, James; | |
| | Defendant Case, Sargent | |

| | | |
|---|---|---|
| 08/20/2022 | Obj-Motion to Dismiss | Index # 45 |
| | *pltf* | |

| | | |
|---|---|---|
| 08/20/2022 | Other | Index # 46 |
| | *attachment to obj to mo to dismiss* | |

| | | |
|---|---|---|
| 08/20/2022 | Other | Index # 47 |
| | *attachment to obj to mo to dismiss* | |

| | | |
|---|---|---|
| 08/20/2022 | Other | Index # 48 |
| | *attachment to obj to mo to dismiss* | |

| | | |
|---|---|---|
| 08/20/2022 | Other | Index # 49 |
| | *attachment to obj to mo to dismiss* | |

08/22/2022   **Temporary Hearing**   (2:00 PM)   (Judicial Officer: Nicolosi, Diane M)

| | | |
|---|---|---|
| 08/22/2022 | Appearance | Index # 53 |
| | *of Matthew Burrows for James Hardy and Brian Newcomb* | |

| | | |
|---|---|---|
| 08/22/2022 | Appearance | Index # 54 |
| | *of Matthew Burrows for John Coughlin, Pamela Coughlin, and Mark Putney* | |

| | | |
|---|---|---|
| 08/22/2022 | Appearance | Index # 55 |
| | *of Brandon F. Chase for Marital Master Bruce F. DalPra and Paul Moore* | |
| | Party:   Defendant DalPra, Bruce F; | |
| | Defendant Moore, Paul | |

| | | |
|---|---|---|
| 08/22/2022 | Appearance | Index # 56 |
| | *of Brendan A. O'Donnell for Marital Master Bruce DalPra and Paul Moore* | |
| | Party:   Defendant DalPra, Bruce F; | |
| | Defendant Moore, Paul | |

| | | |
|---|---|---|
| 08/22/2022 | Motion to Dismiss | Index # 58 |
| | *John Coughlin, et al (County Defs)* | |

| | | |
|---|---|---|
| 08/22/2022 | Motion to Dismiss | Index # 59 |
| | *Def Kysa Crusco* | |
| | Party:   Defendant Crusco, Kysa | |

08/23/2022
Court Order   (Judicial Officer: Nicolosi, Diane M)
  *Temp Hg Continued Sua Sponte, see order (Env 2526540 and us mail to dfts Kysa Crusco, Nicole Schultz-Price and Patricia Mrphy )*
Index # 57

| | | |
|---|---|---|
| 08/23/2022 | Appearance | Index # 60 |
| | *of B. Chase Esq and B. O'Donnell Esq for the following Defs* | |
| | Party:   Defendant Chong Yen, Nicholas; | |
| | Defendant Cross, Philip; | |
| | Defendant Gorman, Suzanne; | |

# Case Summary

### Case No. 216-2022-CV-00427

|  |  |  |
|---|---|---|
|  | Defendant Riehl, Tracy; | |
|  | Defendant Strelzin, Jeff; | |
|  | Defendant Tracy, Richard; | |
|  | Defendant Ward, Geoff; | |
|  | Defendant Weaver, Judge; | |
|  | Defendant Wolford, Lisa; | |
|  | Defendant Young, Jane | |

| 08/23/2022 | Motion to Dismiss | Index # 61 |
|---|---|---|
|  | *Nicholas Chong Yen, et al (DOJ Defs)* | |
|  | Party:  Defendant Chong Yen, Nicholas; | |
|  | Defendant Cross, Philip; | |
|  | Defendant Gorman, Suzanne; | |
|  | Defendant Riehl, Tracy; | |
|  | Defendant Strelzin, Jeff; | |
|  | Defendant Tracy, Richard; | |
|  | Defendant Ward, Geoff; | |
|  | Defendant Weaver, Judge; | |
|  | Defendant Wolford, Lisa; | |
|  | Defendant Young, Jane | |

| 08/24/2022 | Motion to Dismiss | Index # 62 |
|---|---|---|
|  | *Def Salem Five Bank* | |
|  | Party:  Defendant Salem Five Bank | |

| 08/25/2022 | Notice of Intent to Reply | Index # 63 |
|---|---|---|
|  | *to Mo to Continue and Deny Motion to Dismiss/NHDOJ Defs* | |
|  | Party:  Defendant Coburn, Derek Austin | |

| 08/30/2022 | Motion for Clarification | Index # 65 |
|---|---|---|
|  | *of 8-23-22 Order-Plf* | |

| 08/30/2022 | Motion to Amend Complaint | Index # 66 |
|---|---|---|
|  | *to Add Party Harmon Law Offices-Plf* | |

| 09/01/2022 | Motion to Dismiss | Index # 67 |
|---|---|---|
|  | *Defs Derek Coburn & John Bisson* | |

| 09/01/2022 | Motion to Dismiss | Index # 68 |
|---|---|---|
|  | *Def Nicole Schultz-Price* | |
|  | Party:  Defendant Schultz-Price, Nicole J. ESQ | |

| 09/01/2022 | Appearance | Index # 69 |
|---|---|---|
|  | *Matthew V. Burrows, Esq obo Nicole Schultz-Price* | |
|  | Party:  Defendant Schultz-Price, Nicole J. ESQ | |

| 09/01/2022 | Returned Mail | Index # 75 |
|---|---|---|
|  | *to Defendant Patricia Murphy, Esq.* | |

| 09/08/2022 | Ex Parte Motion | Index # 70 |
|---|---|---|
|  | *for Hg - Plf* | |

| 09/08/2022 | Other | Index # 71 |
|---|---|---|
|  | *Attachment to Ex Party Motion* | |

| 09/08/2022 | Other | Index # 72 |
|---|---|---|
|  | *Attachment to Ex Party Motion* | |

| 09/08/2022 | Other | Index # 73 |
|---|---|---|
|  | *Additional Facts in Support of Ex Parte Request* | |

| 09/08/2022 | Other | Index # 74 |
|---|---|---|
|  | *Additional Ex Parte Requests for Relief* | |

| 09/08/2022 | Denied    (Judicial Officer: Nicolosi, Diane M) | |
|---|---|---|
|  | *Env 2552745* | |

| 09/08/2022 | Granted in Part    (Judicial Officer: Nicolosi, Diane M) | |
|---|---|---|
|  | *Env 2552745* | |

| 09/09/2022 | Motion to Amend | Index # 94 |
|---|---|---|

**Hillsborough North**

## Case Summary

### Case No. 216-2022-CV-00427

*Req for Ex Parte Restraining Order-Plf*

| | | |
|---|---|---|
| 09/09/2022 | Affidavit<br>*of Plf* | Index # 95 |
| 09/10/2022 | Ex Parte Motion<br>*restrain Defs from talking to anyone about case -Plt* | Index # 76 |
| 09/10/2022 | Affidavit<br>*of Plt -Plt* | Index # 77 |
| 09/10/2022 | Granted     (Judicial Officer: Nicolosi, Diane M)<br>*Env 2555205* | |
| 09/10/2022 | Affidavit<br>*in Support of Objection to Mo to Dism/Plt* | Index # 78 |
| 09/10/2022 | Obj-Motion to Dismiss<br>*Plt* | Index # 79 |
| 09/10/2022 | Affidavit<br>*in Support of Obj/Plt* | Index # 80 |
| 09/10/2022 | Obj-Motion to Dismiss<br>*filed by Chief Brace and SGT Case/Plt* | Index # 81 |
| 09/10/2022 | Affidavit<br>*in Support of Obj/Plt* | Index # 82 |
| 09/10/2022 | Obj-Motion to Dismiss<br>*filed by Derek Coburn and John Bisson/Plt* | Index # 83 |
| 09/10/2022 | Affidavit<br>*in Support of Obj/Plt* | Index # 84 |
| 09/10/2022 | Obj-Motion to Dismiss<br>*filed by Nicholas Chong Yen, et al* | Index # 85 |
| 09/10/2022 | Affidavit<br>*in Support of Obj/Plt* | Index # 86 |
| 09/10/2022 | Obj-Motion to Dismiss<br>*filed by John Coughlin, et al/Plt* | Index # 87 |
| 09/10/2022 | Affidavit<br>*in Support of Obj/Plt* | Index # 88 |
| 09/10/2022 | Obj-Motion to Dismiss<br>*filed by Salem Fives, et al/Plt* | Index # 89 |
| 09/10/2022 | Affidavit<br>*in Support of Obj/Plt* | Index # 90 |
| 09/10/2022 | Obj-Motion to Dismiss<br>*filed by Bruce Dalpra, et al/Plt (Motion for this?)* | Index # 91 |
| 09/11/2022 | Affidavit<br>*in Support of Obj/Plt* | Index # 92 |
| 09/11/2022 | Obj-Motion to Dismiss<br>*filed by Nicole Schultz-Price/Plt* | Index # 93 |
| 09/12/2022 | Denied     (Judicial Officer: Nicolosi, Diane M)<br>*on Ex Parte basis (Env 2556127)* | |
| 09/23/2022 | Denied     (Judicial Officer: Nicolosi, Diane M)<br>*W/O Prejudice pending outcome of motions to dismiss filed by existing parties. (Env # 2582180)* | |
| 09/26/2022 | Order Made     (Judicial Officer: Nicolosi, Diane M)<br>*See order (Env # 2580556)* | |
| 09/26/2022 | Ex Parte Motion<br>*Plt* | Index # 96 |
| 09/26/2022 | Affidavit | Index # 97 |

# Case Summary

### Case No. 216-2022-CV-00427

*Duplicate of #'s 77, 80, 82, 86, 90, 92, etc.*

| | | |
|---|---|---|
| 09/26/2022 | Denied    (Judicial Officer: Nicolosi, Diane M) *(Env # 2581539)* | |
| 09/27/2022 | Order Made    (Judicial Officer: Nicolosi, Diane M) *Env 2587638* | |
| 09/30/2022 | Ex Parte Motion *Plf* | Index # 98 |
| 09/30/2022 | Other *Attachment 1 to Ex Parte Motion* | Index # 99 |
| 09/30/2022 | Other *Attachment 2 to Ex Parte Motion* | Index # 100 |
| 09/30/2022 | Other *Attachment 3 to Ex Parte Motion* | Index # 101 |
| 09/30/2022 | Other *Additional Facts in Support of Ex Parte Request* | Index # 102 |
| 09/30/2022 | Obj - Motion for Ex Parte Relief *Dft Salem Bank* | Index # 103 |
| 09/30/2022 | Response to Objection *to Ex Parte Motion/Plt* | Index # 104 |
| 09/30/2022 | Other *Attachment to Response/Plt* | Index # 105 |
| 10/17/2022 | Court Order    (Judicial Officer: Nicolosi, Diane M) *on Motions to Dismiss - GRANTED (Env 2622924)* | Index # 106 |
| 10/17/2022 | Denied    (Judicial Officer: Nicolosi, Diane M) *Env 2622924* | |
| 10/17/2022 | Granted    (Judicial Officer: Nicolosi, Diane M) *- See # 106 (Env 2622924)* | |
| 10/17/2022 | Granted    (Judicial Officer: Nicolosi, Diane M) *- see # 106 (Env 2622924)* | |
| 10/17/2022 | Granted    (Judicial Officer: Anderson, David A) *see # 106 (Env 2622924)* | |
| 10/17/2022 | Granted    (Judicial Officer: Nicolosi, Diane M) *see # 106 (Env 2622924)* | |
| 10/17/2022 | Granted    (Judicial Officer: Nicolosi, Diane M) *see # 106 (Env 2622924)* | |
| 10/17/2022 | Granted    (Judicial Officer: Nicolosi, Diane M) *see # 106 (Env 2622924)* | |
| 10/17/2022 | Granted    (Judicial Officer: Nicolosi, Diane M) *- see # 106 (Env 2622924)* | |
| 10/17/2022 | Granted    (Judicial Officer: Nicolosi, Diane M) *see # 106 (Env 2622924)* | |
| 10/18/2022 | Motion for Clarification *of 10-17-22 Order-Defs-Philip Cross, et al* Party:    Defendant Cross, Philip;      Defendant DalPra, Bruce F;      Defendant Gorman, Suzanne;      Defendant Moore, Paul;      Defendant Weaver, Judge | Index # 107 |
| 10/28/2022 | Motion for Temporary Hearing *Plt* | Index # 108 |
| 10/28/2022 | Motion to Reconsider | Index # 109 |

## Case Summary

### Case No. 216-2022-CV-00427

*10-17-22 order-Plt*

| Date | Event | Index |
|---|---|---|
| 10/28/2022 | Other<br>*attachment to mo reconsider-3-9-13 NBPD report-Plt* | Index # 110 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-Dec 2001 narative-Plt* | Index # 111 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-1-3-13 Masella Report and resps-Plt* | Index # 112 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-3-11-13 NB PD report-Plt* | Index # 113 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-Jan 2011 narative-Plt* | Index # 114 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-Divorce timeline-Plt* | Index # 115 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-Aiken Report and resps-Plt* | Index # 116 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-11-12-12 Masella Suppl-Plt* | Index # 117 |
| 10/28/2022 | Other<br>*attachment to mo reconsider-3-9-13 Widener Report-Plt* | Index # 118 |
| 10/31/2022 | Obj-Motion to Reconsider<br>*Def-Salem Five*<br>Party:   Defendant Salem Five Bank | Index # 119 |
| 10/31/2022 | Obj-Motion to Reconsider<br>*Def-Derek Coburn and John Bisson* | Index # 120 |
| 10/31/2022 | Obj-Motion to Reconsider<br>*DOJ Def's*<br>Party:   Defendant Chong Yen, Nicholas;<br>Defendant Cross, Philip;<br>Defendant DalPra, Bruce F;<br>Defendant Gorman, Suzanne;<br>Defendant Moore, Paul;<br>Defendant Riehl, Tracy;<br>Defendant Strelzin, Jeff;<br>Defendant Tracy, Richard;<br>Defendant Ward, Geoff;<br>Defendant Weaver, Judge;<br>Defendant Wolford, Lisa;<br>Defendant Young, Jane | Index # 121 |
| 11/06/2022 | Obj-Motion to Reconsider<br>*10-17-22 Order - Defs John C James H Brian N Nicole S and Mark P* | Index # 122 |
| 11/07/2022 | Motion<br>*to Add Information to Motion to Reconsider - Plf* | Index # 123 |
| 11/07/2022 | Other<br>*Additional Information* | Index # 124 |
| 11/07/2022 | Motion to Dismiss<br>*various parties from the case-plf* | Index # 125 |
| 11/07/2022 | Obj-Motion to Reconsider<br>*-Defs James B and Stephen C*<br>Party:   Defendant Brace, James;<br>Defendant Case, Sargent | Index # 126 |
| 11/07/2022 | Response to Objection<br>*to Recon Order re County Defs -Plt* | Index # 127 |
| 11/07/2022 | Other | Index # 128 |

**Hillsborough North**

## Case Summary

### Case No. 216-2022-CV-00427

*Attachment to Response to Obj to Mo to Recon - Plt*

| | | |
|---|---|---|
| 11/07/2022 | Motion for Late Entry | Index # 129 |
| | *of Mo to Reconsider - Plt* | |
| 11/09/2022 | Motion | Index # 131 |
| | *for a Restraining Order re Chief James Brace - Plt* | |
| 11/09/2022 | Other | Index # 132 |
| | *Attachment to Mo - Plt* | |
| 11/09/2022 | Other | Index # 133 |
| | *Attachment to Mo - Plt* | |
| 11/09/2022 | Other | Index # 134 |
| | *Attachment to Mo - Plt* | |
| 11/10/2022 | Court Order   (Judicial Officer: Nicolosi, Diane M) | Index # 130 |
| | *on Motion for Clarification - Judicial Dfts Dismissed (Env 2673100)* | |
| 11/17/2022 | Obj-Motion | Index # 135 |
| | *to Add Additional Information-County Def's* | |
| 11/22/2022 | Granted   (Judicial Officer: Nicolosi, Diane M) | |
| | *Env 2690130* | |
| 11/22/2022 | Denied   (Judicial Officer: Nicolosi, Diane M) | |
| | *Env 2690130* | |
| 11/22/2022 | Denied   (Judicial Officer: Nicolosi, Diane M) | |
| | *Env 2690130* | |
| 11/22/2022 | Moot   (Judicial Officer: Nicolosi, Diane M) | |
| | *Env 2690130* | |
| 09/08/2022 | **Voluntary Non-Suit**  (Judicial Officer: Nicolosi, Diane M) | |
| | Judgment ( $0.00 , In Full , as to Patrick Queenan and Pamela Coughlin ONLY) | |
| 12/27/2022 | **Dismissed**  (Judicial Officer: Nicolosi, Diane M) | |

# **Exhibit D**

**Filed**
**File Date: 11/11/2022 9:42 AM**
Hillsborough Superior Court Northern District
**E-Filed Document**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: Hillsborough - Superior Court-Northern District

Case Name: Rochelle A Pouget, et al. v. Hillsborough County Register of Deeds, et al.

Case Number: 216-2022-CV-00788
(if known)

## COMPLAINT FOR RESTRAINING ORDER

1. Plaintiff's Name(s) Rochelle A Pouget

   Residence Address 20 Lincoln Drive, New Boston, NH 03070

   Mailing Address (if different)

   Telephone Number (Home) (603) 213-1741          (Mobile)
   [See Attachment(s), item 'Additional Plaintiff(s)']

2. Defendant's Name(s) Hillsborough County Register of Deeds

   Residence Address 19 Temple Street, Nashua, NH 03060

   Mailing Address (if different)
   [See Attachment(s), item 'Additional Defendants(s)']

3. What is your relationship to the defendant? Home Owner and Victim of Fraud
   (Examples: neighbor, co-worker, roommate, acquaintance, etc.)

In the space below, describe what happened to you and the reasons why you are requesting that the Court issue a restraining order against the defendant. Use a separate paragraph for each allegation. Be specific - include names, dates and places, etc.

4. First thing that happened (in one sentence):

   On July 22, 2022, I, Rochelle Pouget, filed a Motion for a Restraining Order in Superior Court against my lender Salem Five and multiple other defendants. Edward E. O'Leary is the attorney for Harmon Law Offices, representing Salem Five and he filed a Motion to Dismiss.

5. Second thing that happened (in one sentence):

   While the Motion was still pending, Salem Five and/or Harmon Law Offices, listed my home for auction in the Union Leader. Not only were Salem Five and Harmon Law aware there was a fraudulently registered deed, it appears they tried to mislead the public by listing the original deed from 2006.

6. Third thing that happened (in one sentence):

   The deed they listed was Book 7622 Page 2878 dated 2006. The current deed is Book 8723 Page 2474. They also listed my name as Rochelle Coburn rather than Rochelle Pouget and we had a family approach us at my daughter's soccer practice about the foreclosure and auction. That humiliated my daughter.

Continue on using separately numbered paragraphs (attach additional sheets if necessary).

TurboCourt.com Form Set #7391181

Case Name: Rochelle A Pouget, et al. v. Hillsborough County Register of Deeds, et al.

Case Number:

**COMPLAINT FOR RESTRAINING ORDER**

For the reasons stated in this Complaint, I request that the Court issue the following orders:

A. Describe the orders you want the Court to make:

1. ☒ Restrain the defendant from threatening, harassing or intimidating me, or interfering with my liberty.

2. ☐ Restrain the defendant from having any contact with me, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, texting, social media, e-mail, the sending or delivery of gifts or any other method, unless specifically authorized by the court.

3. ☒ Restrain the defendant from appearing in proximity to my residence, place of employment or school, or appearing at any other place where I may be.

4. ☒ Restrain the defendant from entering in or on the premises (including curtilage) where I reside, except with a peace officer for the purpose of removing defendant's personal possessions.

5. ☒ Restrain the defendant from taking, converting or damaging property in which I have a legal or equitable interest.

6. ☒ Ex Parte Motion. See attached.

7. ☒ Other relief:

I would like this Court to reverse the sale of my home, return all monies paid towards my property taxes, and prevent defendants from having contact with my daughter or me.

B. All other relief the Court deems fair and just.

| | | |
|---|---|---|
| Rochelle A Pouget | /s/ Rochelle A Pouget | 11/11/22 |
| Name of Filer | Signature of Filer | Date |
| | (603) 213-1741 | |
| Law Firm, if applicable — Bar ID # of attorney | Telephone | |
| 20 Lincoln Drive | teacher88r@gmail.com | |
| Address | E-mail | |
| New Boston, NH 03070 | | |
| City — State — Zip code | | |

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name:  Hillsborough - Superior Court-Northern District

Case Name:  Rochelle A Pouget, et al. v. Hillsborough County Register of Deeds, et al.

Case Number:
(if known)

Signature page for:  **COMPLAINT FOR RESTRAINING ORDER**                     (document)

| | |
|---|---|
| Danielle Coburn | /s/ Rochelle A Pouget on behalf of Danielle Coburn        11/11/22 |
| Name of Filer | Signature of Filer                          Date |
| | (603) 213-1741 |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| 20 Lincoln Drive | teacher88r@gmail.com |
| Address | E-mail |
| New Boston, NH 03070 | |
| City                State          Zip code | |

----------------------------------------------------------------

| | |
|---|---|
| Name of Filer | Signature of Filer                          Date |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| Address | E-mail |
| City                State          Zip code | |

----------------------------------------------------------------

| | |
|---|---|
| Name of Filer | Signature of Filer                          Date |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| Address | E-mail |
| City                State          Zip code | |

----------------------------------------------------------------

| | |
|---|---|
| Name of Filer | Signature of Filer                          Date |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| Address | E-mail |
| City                State          Zip code | |

*TurboCourt.com Form Set #7391181*

Attachment Page __1__ (of __3__ )

To Complaint for Restraining Order

---

**Additional Plaintiff(s)**
Plaintiff #2
Name: Danielle Coburn
Representative: Rochelle A Pouget
Residence Address:  20 Lincoln Drive, New Boston, NH 03070
Telephone Number (Home): (603) 213-1741

**Additional Defendants(s)**
Defendant #1
Officer or Authorized Agent: Hcrd Employees At Hcrd

Defendant #2
Name: Harmon Law Offices
Business Address:  150 California Street, Newton, MA 02458
Officer or Authorized Agent: Harmon Law Offices All Employees At Hlo
Relation to this defendant: Home Owner and Victim of Fraud

Defendant #3
Name: Meghan Bangs
Residence Address:  586 Turnpike Road, New Ipswich, NH 03071
Relation to this defendant: Home Owner and Victim of Fraud

**Additional Claim Details**
7. Salem Five and Harmon Law Offices approved a Loan Modification in
December 2021 and but not for the fraudulently registered deed that is being
challenged, I would have been able to refinance my home in 2019 and/or move
forward with the approved modification.

8. A date has been set in December 2022, for a scheduling conference in
Probate Court regarding the Plea of Title Motion, Motion to Revisit the Will
my daughter was left out of intentionally to cover up the fraud with the
deed, and Motion to Revisit the assignment of the Executor of the Estate.

9. I believe Salem Five (who is named in another Motion for RO that is
pending in Superior Court) and Harmon Law intentionally tried to rush this
auction after learning I had to let counsel go for my daughter and myself.
Salem Five and Harmon Law were aware that there was Court Ordered child
support in the amount of $8644.00 that was still owed.

10. Salem Five and/or Harmon Law Offices was aware that I was filing a

---

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

TurboCourt.com Form Set #739181

Attachment Page __2__ (of __3__ )

<u>To Complaint for Restraining Order</u>

criminal complaint at the DOJ and FBI in regards to fraud, obstruction of justice, etc. That complaint now rests at the Public Integrity Unit and is under review.

11. Salem Five and/or Harmon Law was aware I paid Attorney John Bisson $9,000.00 to go towards the Loan Modification I was approved for, so I could continue making payments until this case was settled in Probate Court. Attorney John Bisson, for whatever reason, did not give the money to Salem Five before they auctioned my home.

12. Attorney John Bisson filed a Court Order to release the money to me and it was approved. I now have the money that should have gone to Salem Five in April 2022 to prevent my home from being foreclosed on and sold at auction.

13. On September 26, 2022 while I was standing in Probate Court trying to fight the injustices, my marital residence was sold to Meghan Bangs. Meghan Bangs is trying to have my daughter and me evicted and listed the old deed in her eviction notice.

14. I suspect Meghan Bangs could have a personal connection to someone at Salem Five and/or Harmon Law Offices and is in collusion in trying to rush through the sale of my home, while there was a pending Motion for a RO at Superior Court and while I was trying to untangle the mess created by a great deal of malfeasance in Family Court.

15. The Hillsborough County Register of Deeds was made aware of the fraud with the quit claim deed registered in January 2015, when it was Court Ordered to be held in Escrow by Attorney Patricia A. Murphy. The Hillsborough County Register of Deeds has not responded to my request for them to return the fraudulently registered deed to the Goffstown Family Courthouse.

16. The quit claim deed should have gone back to the 9th Circuit Family Division in Goffstown, NH after attorney Patricia A. Murphy retired, but for whatever reason, she gave it back to James Reid Coburn and he crossed out her name and registered it fraudulently.

17. In an effort to cover up the fraud and use my home to pay Mr. Coburn's IRS debt of approximately $40k and other debts (credit card, etc. ), Mr. Coburn intentionally named his adult son as Executor of the Estate and left

TurboCourt.com Form Set #7391181

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

Attachment Page __3__ (of __3__ )

To Complaint for Restraining Order

out my daughter. By leaving out my daughter, he trying to cover up the fraud
with the deed.

18. I was given a guarantee by Hillsborough Assistant County Attorney
General Nicole Schultz-Price (in writing) that all of my complaints were
being investigated. Unfortunately, nobody contacted attorney Patricia Murphy
or the Hillsborough County Register's Office to inquire about the fraud. I
believe there is a possible connection between Patricia A. Murphy and the
Coughlin's.

TurboCourt.com Form Set #7391181

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

# **Exhibit E**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough County                                    Hillsborough Superior Court Northern District

## Rochelle A Pouget v Meghan Bangs, et al

### 216-2022-CV-00788

<u>ORDER</u>

Ms. Pouget has sued Meghan Bangs, the winning bidder at a foreclosure auction for the subject property at 20 Lincoln Drive, New Boston, which took place on September 27, 2022; Harmon Law Offices, the law office which represented the foreclosing lender, Salem Five; and the Hillsborough County Register of Deeds, who is responsible for the Hillsborough County Registry where various deeds relative to the subject property have been recorded.  The pertinent deeds include the 2006 deed reflecting the acquisition of the subject property by Plaintiff and her deceased ex-husband, James Coburn, as joint tenants; a December 31, 2014 Quitclaim deed by which Plaintiff's interest in the marital property was conveyed to James Coburn when their divorce was finalized; and a foreclosure deed, dated October 2, 2022, into 20 Lincoln Drive, LLC to which Ms. Bangs assigned her acquisition rights after the foreclosure auction.  Salem Five was the original lender and mortgagee in connection with the 2006 purchase loan to Plaintiff and James Coburn.  There is no dispute that the mortgage was in arrears and that Salem Five had a contractual right to foreclose upon default for nonpayment.

This is a Service Document For Case: 216-2022-CV-00788
Hillsborough Superior Court Northern District
12/14/2022 12:50 PM

Ms. Pouget has alleged in various lawsuits, this being the third in this Court,[1] that the 2014 title into James Coburn and now his estate should be voided based on fraud in connection with the deed.  She alleges that her ex-husband's divorce lawyer, when she retired in 2015, wrongfully gave Coburn the Quitclaim deed, which Plaintiff had executed in December 2014 in accordance with the final divorce decree conveying the property to him.  According to Plaintiff, pursuant to the decree, the Quitclaim Deed was to be held by her ex-husband's lawyer for a three-year period during which James Coburn was obligated to either refinance or modify the loan to relieve Plaintiff from having any responsibility for repayment of the outstanding loan or sell the property to pay off the promissory note that the mortgage secured.  In either event, there was no expectation that Plaintiff would receive any proceeds, to which she now claims she agreed as a result of duress.[2]  Plaintiff complains that the lawyer wrongly released the Quitclaim Deed to Mr. Coburn, before he met his obligations under the decree to refinance or sell the real estate to pay off the note, and then it was wrongly recorded by Coburn in 2015.  She also alleges that the Quitclaim Deed listed Mr. Coburn's lawyer as the grantee, whose name was crossed out and in its place was written James Coburn.[34]

---

[1] See Pouget v. Derek Coburn, Executor of the Estate of James Coburn, 216-2022-CV-197 (Quiet title action dismissed on September 12, 2022 for lack of subject matter jurisdiction in light of the pending probate action.); Pouget v. Derek Coburn, et al, 216-2022-CV-427 (Restraining Order Complaint against over 20 defendants, including those involved in her divorce and parenting case to include the GAL, judges, and marital masters; law enforcements officers who either arrested her or declined to arrest her ex-husband for domestic violence before the divorce; numerous prosecutors and law enforcement officers from federal, state and county agencies who have not investigated or prosecuted her complaints to her liking; Salem Five Bank to enjoin the foreclosure; Derek, her stepson, who is the estate administrator and serves to benefit from the estate; and Derek's lawyer; all of which were granted dismissal for a variety of reason.

[2] Plaintiff represented at hearing that she was filing an action in the family division to reopen the divorce case to seek modification of the decree with regard to the conveyance.

[3] Plaintiff has a quiet title action in the probate court in connection with the probating of Mr. Coburn's estate that apparently raises this argument as well.

[4] The Court notes that it does not logical that the property would be conveyed to Plaintiff's ex-husband's lawyer.  However, the retention of the deed from Plaintiff to James Coburn would have provided some

Although apparently contempt proceedings took place in the circuit court when the three-year mark was reached without compliance, Mr. Coburn died in 2019 without refinancing or paying off the mortgage. Plaintiff claims entitlement to the real estate, where she has been living with her daughter since his death, under the 2006 deed.

On November 11, 2022, Plaintiff and her daughter filed the pending Complaint for Restraining Order.  *Ex parte* injunctive relief was denied. On December 12, 2022, Plaintiff and the defendants, represented by counsel, appeared for hearing on Plaintiffs' request for a temporary restraining order.  With regard to Ms. Bangs, Plaintiffs seeks an order that Bangs be prohibited from moving forward with an eviction action.  However, Meghan Bangs appeared and indicated that she individually has no ownership interest in the property, the owner being an LLC to which she assigned her right to purchase. The Notice of Eviction, which prompted this lawsuit in part, was issued by the LLC as landlord. See Pls' Attachment.  In fact, the Foreclosure Deed, also filed as an Attachment by Plaintiffs, reflects the conveyance to the LLC by Salem Five Cents Savings Back.  Plaintiffs claim that there was some collusion in the auction sale between Ms. Banks and the law firm or bank. However, Ms. Pouget pled and produced insufficient facts at hearing to support her speculative conclusion. Accordingly, the relief sought is not directed at the correct party, and therefore the request for a restraining order is denied as to Ms. Bangs.  Ms. Banks may move to dismiss if Plaintiffs do not voluntarily nonsuit her first.

---

protection to Plaintiff if James Coburn had attempted to convey the property without obtaining a discharge of the mortgage, since the last recorded deed would have shown Plaintiff and Coburn as joint tenants.

Plaintiffs' claims against Harmon Law Offices relate solely to its involvement as counsel for Salem Five in connection with the foreclosure. Ms. Pouget claims Harmon Law Office with its client tried to rush the auction when it learned she no longer had a lawyer; disregarded that she was owed child support by the estate; disregarded that she was filing complaints with DOJ and FBI against the various people; disregarded that she had paid $9,000 in connection with her unsuccessful loan modification attempt with Salem Five in 2021; and published the 2006 deed reference with the name Coburn rather than Pouget in the public notices of foreclosure.

Foreclosure, however, is a matter of contract in this case. Plaintiff cites no legal basis for an obligation of a lender or his lawyer to postpone a foreclosure sale until its borrower might prevail in some forum to regain ownership rights.  The lender has a right to foreclose under contract if the borrowers do not pay as required, which is not disputed in this case.

 Moreover, Plaintiff has alleged no legal duty owed by Harmon Law Office to her or her daughter, non-clients, nor has she set out any facts to support a tort. It appears the 2006 deed was published as the originating deed for the loan and accurately listed Coburn as her surname at the time. The Court does not find that she has established a likelihood of success on the merits.  Nor has she alleged sufficient facts that would support a finding that the law firm would be directly liable to her in connection with its representation of Salem Five Bank.  In short, considering all the facts pled and construing them in her favor, she has failed to set forth sufficient support that would warrant temporary or permanent injunctive relief.  Therefore, Harmon Law Offices'

request to be dismissed, set forth in its objection to the request for *ex parte* relief and articulated at hearing, is GRANTED.

Finally, the Court declines to grant the relief sought against the Hillsborough County Register of Deeds.  Plaintiff clarified at hearing that she wishes the Court to order that 1. the 2014 deed be removed from the registry record and returned to the 9th Circuit Court; 2. the 2022 foreclosure deed be removed from the registry record; and 3. no further deeds be recorded pending outcome of her legal claims in the various courts and complaints to law enforcement.   It seems Ms. Pouget believes that by removing the 2014 and 2022 deeds from the registry, it will undo the conveyances and title will revert to her as a joint tenant via the 2006 deed.  She claims the Register should have declined to accept the Quitclaim deed when it was presented for recording, because James Coburn's name was penned in place of the lawyer's name and she advised the registry the was the product of fraud stemming back to the marital case.

RSA 477:3-a reads: "Every deed [ ] shall be recorded at length in the registry of deeds for the county or counties in which the real estate lies and such deed, conveyance, court order or instrument shall not be effective as against bona fide purchasers for value until so recorded."   RSA 477:7 provides:  "No deed [ ] nor other conveyance of real estate, [ ], shall be valid to hold the same against any person <u>but the grantor and his heirs only</u>, unless such deed [ ] be acknowledged and recorded." (Emphasis added).   "The purpose [ ] of [these two] recording statutes [ ] is to provide notice to the public of a conveyance of or encumbrance on real estate.  The statutes serve to protect both those who already have interests in land and those who would like to acquire such interests."  <u>Amoskeag Bank v. Chagnon</u>, 133 N.H. 11, 14 (1990).

Effectively then, if a conveyance occurs without the recording of a prior deed, which would have served as constructive notice to the subsequent purchaser without actual knowledge of the earlier conveyance, that bona fide purchaser would be protected and have a senior claim to the real estate as to the prior purchaser who failed to record the prior deed.  Id.  It has been said that only bona fide purchasers or attaching creditors are protected by RSA 477:3-a and RSA 477:7, neither of which Plaintiff is.   Cont'l Cablevision of New Hampshire, Inc. v. Osgood Lodge No. 48 I.O.O.F. Bldg. Ass'n, 123 N.H. 215, 219 (1983); Ouellette v. Butler, 125 N.H. 184, 188 (1984) (in terms of validity, knowledge of an unrecorded conveyance is equivalent to recording); see also Brown v. Manter, 22 N.H. 468, 471-72 (1851) (notes that although an acknowledgement may be required for the recording or "enrolment" of a deed, the lack of an acknowledgement or enrolment, so far as the parties to the deed are concerned, does not affect the deed's validity as to them.)  Ms. Pouget, as grantor of her interest to Mr. Coburn, does not fall within the circle of those the recording statutes are intended to protect.   Therefore, even if the recording by the Register was in error, because the deed somehow did not meet the statutory requirements for recording (facts not pled here), the recording itself caused no harm to Plaintiff.  Further, she will suffer no irreparable harm if the deeds remain in the registry. To the extent she prevails in having the deeds declared invalid due to fraud or duress, the filing of a decree quieting title to her or a corrective deed can be filed in the registry to cure any harm.

Furthermore, and perhaps most importantly, Plaintiff misapprehends the function of the Register.  The Register is not tasked with determining the validity of a deed except to the extent it conforms for purposes of recording to the minimal requirements

set out in RSA 478:4-a. Plaintiff makes no claim these requirements were not met by

the drafter of the Quitclaim deed.  It is the Register's duty to "receive, file and record [ ]

all original deeds, RSA 478:4, and to "carefully keep [ ] all books, records, files and

paper."  RSA 478:1.   If the Register were to make recording decisions based on the

word of a person claiming fraud, the system of notice would be defeated and the

Register would be thrust into the role of decision-maker as to questions of title, an

authority vested solely in the judicial branch.  Plaintiff has set forth no sound basis as a

matter of equity or law for her claims for temporary or permanent injunctive relief.

Further, to the extent Plaintiff is suing the Register in her individual capacity for acts

taken in performance of her duties in absent of bad faith, she is protected from such a

suit by the immunity outlined in RSA 478:42.  There are no facts to suggest any bad

faith on the part of the Register in accepting the deeds for recording.

      In sum, Plaintiff has failed to establish that she has any reasonable likelihood of

success on the merits; that, absent the injunction she seeks, she will suffer irreparable

harm; or that an injunction would be not be contrary to the public interest. For all the

reasons discussed above and set forth in the Register's motion to dismiss, the motion to

dismiss is GRANTED.

      SO ORDERED.


December 14, 2022

_____
Diane M. Nicolosi, Presiding Judge


Clerk's Notice of Decision
Document Sent to Parties
on  12/14/2022

# **Exhibit F**

Hillsborough North

## Case Summary

### Case No. 216-2022-CV-00788

| | | |
|---|---|---|
| **Rochelle A Pouget v Meghan Bangs, et al** | § § | Location: **Hillsborough North** Filed on: **11/11/2022** |

---

## Case Information

| | |
|---|---|
| Case Type: | Restraining Order |
| Case Status: | **02/13/2023  Closed** |

## Assignment Information

**Current Case Assignment**
Case Number    216-2022-CV-00788
Court          Hillsborough North
Date Assigned  11/11/2022

---

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **Pouget, Rochelle A** | **Pro Se** (603)213-1741(H) |
| **Defendant** | **Bangs, Meghan** | **Miller, Matthew Joseph ESQ** *Retained* 603-623-8700(W) |
| | | **Tilsley, Roy W. ESQ** *Retained* 603-623-8700(W) |
| | **Harmon Law Offices** | **O'Leary, Edward P. ESQ** *Retained* 617-558-6109(W) |
| | **Hillsborough County Register of Deeds** | **Burrows, Matthew V. ESQ** *Retained* 603-228-1181(W) |
| **Minor** | **Coburn, Danielle** Plt | **Pro Se** (603)213-1741(H) |

---

## Events and Orders of the Court

| | | |
|---|---|---|
| 11/11/2022 | Complaint - Civil *for Restraining Order* | Index # 1 |
| 11/11/2022 | Appearance *Pro Se Plf* | Index # 2 |
| 11/11/2022 | Affidavit *Non-Lawyer Affidavit Required by Superior Court Rule 20 Appearance on Behalf of Individual* | Index # 3 |
| 11/11/2022 | Ex Parte Motion *Plf* | Index # 4 |
| 11/11/2022 | Other *Additional Claim Information Attachment* | Index # 5 |
| 11/11/2022 | Other | Index # 6 |

**Hillsborough North**

## Case Summary

### Case No. 216-2022-CV-00788

| | | |
|---|---|---|
| | *Additional Claim Information Attachment* | |
| 11/11/2022 | Other | Index # 7 |
| | *Additional Claim Information Attachment* | |
| 11/11/2022 | Other | Index # 8 |
| | *Additional Claim Information Attachment* | |
| 11/11/2022 | Other | Index # 9 |
| | *Additional Claim Information Attachment* | |
| 11/14/2022 | Temporary Restraining Order   (Judicial Officer: Nicolosi, Diane M) | Index # 10 |
| | *Denied. Hearing to be Scheduled.* | |
| 11/14/2022 | Denied   (Judicial Officer: Nicolosi, Diane M) | |
| | *Env 2672804* | |
| 11/14/2022 | Summons on Complaint | Index # 11 |
| | *Env 2672804* | |
| 11/17/2022 | Obj - Motion for Ex Parte Relief | Index # 12 |
| | *Def Harmon Law Offices* | |
| | Party:   Defendant Harmon Law Offices | |
| 11/18/2022 | Appearance | Index # 13 |
| | *of Matthew Burrows for Hillsborough County Register of Deeds* | |
| 11/18/2022 | Motion to Dismiss | Index # 14 |
| | *Def Hills County Register of Deeds* | |
| 11/18/2022 | Obj - Motion for Ex Parte Relief | Index # 15 |
| | *Hills Cty Registry of Deeds* | |
| 12/01/2022 | Motion to Add Party | Index # 16 |
| | *"Salem Five" as def-Plts* | |
| 12/01/2022 | Obj-Motion to Dismiss | Index # 17 |
| | *fb Hils Cnty Register of Deeds-Plts* | |
| 12/12/2022 | **Hearing**  (2:30 PM)   (Judicial Officer: Nicolosi, Diane M) | |
| | *Hearing Held* | |
| 12/12/2022 | Return of Service | Index # 18 |
| | *on Sophia, the Registrar and Harmon Law?* | |
| 12/12/2022 | Appearance | Index # 19 |
| | *of Roy W. Tilsley, Jr. for Meghan Bangs* | |
| | Party:   Defendant Bangs, Meghan | |
| 12/12/2022 | Appearance | Index # 20 |
| | *of Matthew J. Miller for Meghan Bangs* | |
| | Party:   Defendant Bangs, Meghan | |
| 12/12/2022 | Answer | Index # 21 |
| | *and Objection to Issuance of a Restraining Order-Meghan Bangs* | |
| | Party:   Defendant Bangs, Meghan | |
| 12/12/2022 | Exhibit List | Index # 22 |
| | *Exhibits in Caselines* | |

12/14/2022
Court Order   (Judicial Officer: Nicolosi, Diane M)
  *on Request for Restraining Order- Harmon Law Offices Request to be dismissed - GRANTED. Request for Restraining Order Denied as to Ms Bangs. (Env 2723404)*
Index # 23

| | | |
|---|---|---|
| 12/14/2022 | Granted   (Judicial Officer: Nicolosi, Diane M) | |
| | *See Index # 23* | |
| 12/14/2022 | Order Made   (Judicial Officer: Nicolosi, Diane M) | |
| | *-Prior Claims Dismissed (Env 2723945)* | |
| 12/30/2022 | Motion | Index # 24 |
| | *for Judgment on the Pleadings-Def Meghan Bangs* | |

**Hillsborough North**

## Case Summary

**Case No. 216-2022-CV-00788**

Party:   Defendant Bangs, Meghan

01/13/2023   Granted   (Judicial Officer: Nicolosi, Diane M)
*Env 2771668*

01/17/2023   **Dismissed**
Judgment ( $0.00 , In Full , Hillsborough County Registry of Deeds and Harmon Law Officea)

02/13/2023   **Dismissed**
Judgment ( $0.00 , In Full , as to MEGHAN BANGS)